635 So.2d 70 (1994)
Paul R. COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-54.
District Court of Appeal of Florida, First District.
January 18, 1994.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REMAND
BARFIELD, Judge.
Paul R. Cook was convicted in June 1989 of four offenses (grand theft, forgery, and three counts of passing worthless checks) in three separate cases. Sentence was withheld and he was placed on probation, three years for each offense, to run concurrently. In January 1990, he was convicted of four more offenses (credit card fraud, grand theft, and two counts of forgery) in two separate cases, and he admitted to violating the terms of his probation in the 1989 cases. He was sentenced to concurrent 4.5 year terms (the lower limit of the guidelines range) for the 1990 offenses. His probations on the 1989 offenses were revoked and he was placed on probation, three years for each offense, consecutive to the prison sentences.
Cook was released from prison in June 1991 and began serving his probation for the 1989 offenses. In November 1991, he was found to have violated the terms of his probation (he had been arrested in Alabama for writing a bad check, and in Tallahassee for battery of a police officer). His probations were revoked and he was sentenced to concurrent 3.5 year terms; the trial court denied his request that he be given credit for the 4.5 years he had served on the 1990 offenses. He appealed this denial of jail time credit.
In Cook v. State, 609 So.2d 175 (Fla. 1st DCA 1992), this Court affirmed the sentences, citing several opinions from sister courts, including State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA 1991), review of which was at that time pending in the supreme court. In each of those cases, the defendant had been convicted of two offenses; using a single scoresheet, the trial court had imposed a term of incarceration for one offense, and had placed the defendant on probation for the second offense, consecutive to the incarcerative term. Each of the defendants was later sentenced to an incarcerative term on the second offense after violation of probation, and was found not to be entitled to credit for the time served on the first offense.
On June 24, 1993, the supreme court quashed this court's decision in Cook v. State, and remanded the case "for further proceedings consistent with Tripp v. State, 18 Fla. L. Weekly S166 (Fla. Mar. 25, 1993)."[1] In its revised opinion in Tripp v. State, 622 So.2d 941 (Fla. 1993), the supreme court answered a certified question by holding that "if a trial court imposes a term of probation on one *71 offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense."
The supreme court noted that when Tripp had originally been sentenced, using a single scoresheet containing both offenses, the maximum incarcerative time he could receive under the guidelines was 4.5 years, and that under ordinary circumstances, when he violated probation, his sentence could not exceed the next highest permitted range, less credit for time served. It found that under the sentencing method sanctioned by the Second District Court of Appeal, Tripp's total sentence for the two offenses would be 8.5 years, "three years beyond the permitted range of a one-cell bump," and concluded that the sentencing method was "inconsistent with the intent of the sentencing guidelines." Id. at 942.
The court rejected the state's argument that Tripp had been convicted of two separate crimes and had received two separate sentences, and was therefore not entitled to credit for time served on one conviction after revocation of probation on the other conviction. It found that "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Id. (cites omitted).
Having reconsidered this appeal in light of the supreme court's revised opinion in Tripp v. State, in compliance with its mandate, we conclude that affirming the sentence imposed upon Cook is consistent with Tripp and with the intent of the sentencing guidelines, "to eliminate unwarranted variation in sentencing." To allow Cook 4.5 years credit, for time served on the 1990 offenses, on the concurrent 3.5 year sentences imposed for the 1989 offenses after he twice violated his probation for those offenses, would result in no sanction for the second violation of probation. Surely the sentencing guidelines do not intend such a result.
We believe that the supreme court did not intend its holding in Tripp to be applied in every case in which probation is imposed on one offense consecutive to a sentence of incarceration on another offense, without consideration of the circumstances involved, particularly circumstances like those presented in the case at issue. Such an unwarranted extension of the holding in Tripp beyond the factual circumstances presented by that case, and by other similar cases,[2] would likely discourage trial judges from reimposing probation after a violation of probation based upon a subsequent violation of the law, as was done in this case. This result would not be consistent with the principle embodied by the sentencing guidelines, of limiting the use of incarcerative sanctions "to those persons convicted of more serious offenses or those who have longer criminal histories."
However, because the language of the Tripp opinion contains no explicit limitation of the holding to situations in which the original incarcerative term(s) and probationary term(s) were imposed using a single scoresheet, we certify this question to the supreme court as a matter of great public importance.
AFFIRMED.
BOOTH and MINER, JJ., concur.
NOTES
[1] Cook v. State, 622 So.2d 979 (Fla. 1993).
[2] Sylvester v. State, 572 So.2d 947 (Fla. 5th DCA 1990); Ford v. State, 572 So.2d 946 (Fla. 5th DCA 1990); Pacheco v. State, 565 So.2d 832 (Fla. 2d DCA 1990); review denied, 576 So.2d 289 (Fla. 1991); Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990); State v. Folsom, 552 So.2d 1194 (Fla. 5th DCA 1989); and State v. Rodgers, 540 So.2d 872 (Fla. 4th DCA 1989).