RYDER, Acting Chief Judge.
Michael Walters challenges his sentencing following a revocation of probation. He contends that the trial court erred in failing to give him credit for time previously served on the sentence imposed on revocation. We agree and reverse.
Walters pleaded guilty to two separate charges of armed robbery that occurred in January 1988. In February 1988 he was adjudicated guilty and placed on lifetime probation for each of the two offenses. On the same date, the court sentenced him on other charges to twelve years’ imprisonment. An affidavit for violation of probation in each case was filed in July 1992. Walters pleaded guilty to the violations, and the trial court revoked his probation. The court then sentenced him to fifteen years’ imprisonment on each case, to be served concurrently. The permitted range under the sentencing guidelines is twelve to twenty-two years’ imprisonment. The fifteen-year sentence and the twelve-year sentence together exceed the sentencing guidelines. The judge gave no reasons for departure.
*1235 Tripp v. State, 622 So.2d 941 (Fla.1993), requires that credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. Because these offenses occurred prior to the enactment of chapter 89-531, Laws of Florida, “credit for time served” included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925, 927 (Fla.1989). It does not include “provisional credits” or “administrative gain time” which is used to alleviate prison overcrowding and is not related to satisfactory behavior while in prison. See § 944.277, Fla.Stat. (1991). The record does not include a breakdown as to the type of gain time earned during appellant’s period of incarceration. Upon remand, the trial court must determine from the Department of Corrections what type of gain time was earned and what amount must be credited toward his sentence upon revocation.
Because the trial court did not have the benefit of the Tripp decision at the time of sentencing, the trial court may reconsider whether the departure sentence it imposed is appropriate and, if so, make the requisite findings. Henderson v. State, 577 So.2d 653 (Fla. 1st DCA), review denied, 589 So.2d 291 (Fla.1991).
We therefore reverse and remand for re-sentencing in accordance with this opinion.
HALL, J., and REESE, THOMAS S., Associate Judge, concur.