FULMER, Judge.
Defendant challenges the sentence imposed upon him after revocation of probation. We reverse.
In 1991 Defendant pleaded guilty to a felony battery charge in Case #91-5758. He was sentenced to prison followed by probation. The trial court imposed habitual offender status for only the probation part of the sentence.
While on probation, Defendant committed several new offenses. He pleaded no contest to those charges in Case # 91-17692.
Defendant was sentenced to ten years imprisonment as a habitual offender in Case #91-17692 and to a concurrent ten year sentence for the probation violation in Case #91-5758. Defendant filed a timely notice of appeal from the imposition of the sentences.
The sentence originally imposed in Case # 91-5758 (incarceration without habitual offender status followed by probation with habitual offender status) was an improper “hybrid” habitual offender sentence. Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992).
We reverse the sentence in Case # 91-5758. Because Defendant has already completed the prison portion of that sentence, upon remand the court must impose a guideline sentence, with the discretion to impose a one cell increase for violation of probation. Thompson v. State, 618 So.2d 335 (Fla. 2d DCA 1993). The sentence in Case #91-17692 is affirmed.
THREADGILL, A.C.J., and PATTERSON, J., concur.