PARKER, Judge.
Antonio Slater seeks review of the sentences imposed upon a revocation of probation in two cases. He challenges the trial court’s failure to award credit for time served on the offense for which he received a prison term. Slater also claims error in the imposition of a habitual offender sentence without a presentence investigation report in one of the cases. We reverse the sentence in Case No. 89-13212 and remand for further proceedings. We affirm the sentence in Case No. 89-18101.
In Case No. 89-13212,[1] on September 29, 1989, Slater pleaded guilty to a number of offenses and was sentenced to two years of community control on each offense. The sentences were to ran concurrently. On January 29, 1990, Slater’s community control was revoked and he was sentenced to the following: three and one-half years in prison on Count I; two years of probation on Counts IV and V; and one year of probation on Count II. The probationary terms were concurrent, but consecutive to the prison term.
In Case No. 89-18101,[2] on January 29, 1990, Slater was sentenced as a habitual offender to two years of probation on Counts II and III, concurrent with one year of probation on Count I. The probationary terms in that case were concurrent with the probationary terms in Case No. 89-13212, but consecutive to the prison term in that case.
In 1992, Slater admitted to violating his probation in both eases, and his probation was revoked. In Case No. 89-13212, he was sentenced to time served in Count II and to concurrent four-year prison terms on Counts IV and V. In Case No. 89-18101, he was sentenced as a habitual offender to time served in Count I and to concurrent four-year prison terms on Counts II and III, concurrent with the prison term in Case No. 89-13212. The record reflects that Slater was given credit for time served in each case but does not reflect whether the proper amount of credit was given.
In Case No. 89-13212, the inearcer-ative period originally imposed on Count I was followed by the probationary terms. According to Tripp v. State, 622 So.2d 941 (Fla.1993), Slater is entitled to credit for time served in Count I on the four-year prison sentences imposed after revocation of probation. Further, because the crimes in that case were committed prior to October 1, 1989, the effective date of the enactment of chapter 89-531, Laws of Florida, “credit for time served” includes jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925 (Fla.1989). See also Walters v. State, 630 So.2d 1234 (Fla. 2d DCA 1994). Because the record does not reflect how much credit time Slater was given, we reverse the sentence in Case No. 89-13212 and remand that case to the trial court to review the credit time given in accordance with Tripp.
Although the probationary term in Case No. 89-18101 was also consecutive to the original prison term in Case No. 89-13212, we conclude that Tripp does not apply in Case No. 89-18101. Therefore, Slater is not entitled to credit for time served in Case No. 89-13212 on the four-year prison terms in Case No. 89-18101. We agree with the First District in Cook v. State, 635 So.2d 70 (Fla. 1st DCA 1994), that “the supreme court did not intend its holding in Tripp to be applied in every case in which probation is imposed on one offense consecutive to a sentence of incarceration on another offense, without consideration of the circumstances involved, particularly circumstances like those presented in the case at issue.” Cook, 635 So.2d at 71.
The circumstances here are similar to those in Cook. As in Cook, the sentences herd result from multiple offenses stemming from two different cases. Further, it does not appear that one scoresheet was used for sentencing in both cases. The record before us contains only one scoresheet which was *82 prepared for the original sentencing in Case No. 89-13212 and was utilized for the sentencing at revocation in that case. The offenses in Case No. 89-18101 were not factored into that scoresheet.[3] We do not believe that Tripp applies under these circumstances where the offenses in Case No. 89-18101 were not factored into the original sentencing scheme in Case No. 89-13212. Accordingly, we affirm the sentence in that case.
We further conclude that imposition of the habitual offender sentence without a presen-tence investigation report in Case No. 89-18101 was harmless error. See Massey v. State, 609 So.2d 598 (Fla.1992).
We affirm the sentence in Case No. 89-18101. We reverse the sentence in Case No. 89-13212 and remand to the trial court to award jail time credit in accordance with Tripp.
FRANK, C.J., and LAZZARA, J., concur.

. These crimes occurred on August 15, 1989.

. These crimes occurred on November 3, 1989.

. We note that the offenses in Case No. 89-18101 should not have been factored into the scoresheet because Slater was sentenced as a habitual offender in that case. See Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993).