645 So.2d 436 (1994)
Paul R. COOK, Petitioner,
v.
STATE of Florida, Respondent.
No. 83193.
Supreme Court of Florida.
November 23, 1994.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Chief Justice.
We review Cook v. State, 635 So.2d 70 (Fla. 1st DCA 1994), in which the court certified a question of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
In June of 1989, Paul R. Cook was convicted of five counts in three cases  grand theft, forgery, and three counts of passing worthless checks ("1989 offenses"). He was placed on concurrent three-year probationary periods for each count. In January of 1990, Cook was convicted of four new counts  credit card fraud, grand theft, and two counts of forgery ("1990 offenses"), and admitted to violating the terms of his probation for the 1989 offenses. Cook was sentenced to concurrent four-and-a-half-year prison terms for the 1990 offenses.[1] In addition, Cook's probation for the 1989 offenses was revoked and he was again given concurrent three-year probationary periods for each of the 1989 offenses, to run consecutively to the four-and-a-half-year prison term. Cook was released from prison in June of 1991, having served his sentence for the 1990 offenses, and began serving probation for the 1989 offenses. In November of 1991, Cook was found to have violated his probation  he had been arrested in Alabama for writing a bad check and had been arrested in Florida for battery of a police officer.[2] Cook's probation *437 was revoked and he was sentenced to concurrent three-and-a-half-year prison terms for the 1989 offenses.[3] The sentencing judge denied Cook's request that he be given credit for the four and a half years he had served on the 1990 offenses. Cook appealed.
The district court of appeal affirmed the denial of credit, relying on State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA 1991), review of which was then pending in this Court. Cook v. State, 609 So.2d 175 (Fla. 1st DCA 1992). In reviewing State v. Tripp, this Court held "that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Tripp v. State, 622 So.2d 941, 942 (Fla. 1993). Based on our holding in Tripp, we quashed the district court's affirmance in this case and remanded for further proceedings consistent with Tripp. Cook v. State, 622 So.2d 979, 980 (Fla. 1993).
On remand, the district court of appeal again affirmed the denial of credit, noting that "[t]o allow Cook 4.5 years credit, for time served on the 1990 offenses, on the concurrent 3.5 year sentences imposed for the 1989 offenses after he twice violated his probation for those offenses, would result in no sanction for the second violation of probation. Surely the sentencing guidelines do not intend such a result." Cook v. State, 635 So.2d 70, 71 (Fla. 1st DCA 1994). The district court concluded that this Court "did not intend its holding in Tripp to be applied in every case in which probation is imposed on one offense consecutive to a sentence of incarceration on another offense, without consideration of the circumstances involved, particularly circumstances like those presented in the case at issue." Id. Finally, the district court stated that "because the language of the Tripp opinion contains no explicit limitation of the holding to situations in which the original incarcerative term(s) and probationary term(s) were imposed using a single scoresheet, we certify this question to the supreme court as a matter of great public importance." Id.
While the district court did not formulate the precise question to be addressed by this Court, it clearly framed the certified question as a query of whether Tripp applies to situations in which a defendant is sentenced to incarcerative terms and "resentenced" to probationary periods using a single scoresheet.[4] Cook contends that this case falls within the contours of Tripp. We agree.
In Tripp, this Court held that where a defendant is sentenced to an incarcerative term on one offense, to be followed by a probationary period on another offense, credit for time served on the incarcerative term must be awarded on a sentence imposed after revocation of probation. Tripp, 622 So.2d at 942. In so holding, we recognized that a single guidelines scoresheet "must be utilized for all offenses pending before [a] court for sentencing," and that where a single scoresheet is used for multiple offenses, those offenses must continue to "be treated in relation to each other, even after a portion of the sentence has been violated." Id. Accordingly, where a defendant is sentenced to prison to be followed by probation for multiple offenses, and ultimately violates that probation, that defendant's cumulative sentence *438 may not exceed the guidelines range of the original scoresheet. Id. Otherwise, trial judges could structure sentences in such a manner as to circumvent the guidelines. Id.
The State argues that Tripp is distinguishable from this case because Cook was "resentenced" to probation on the 1989 offenses.[5] We find this argument to be unpersuasive.
At his 1990 sentencing, Cook was sentenced to concurrent four-and-a-half-year prison terms for the 1990 offenses to be followed by concurrent three-year probationary periods for the 1989 offenses. The sentencing judge used, as is required, a single scoresheet. Fla.R.Crim.P. 3.701(d)(1). Cook's total sentence at the 1990 sentencing hearing could not have exceeded the permitted range of his 1990 scoresheet unless the sentencing judge gave a written reason. Fla. R.Crim.P. 3.701(d)(12). Additionally, Cook's total sentence at the 1991 sentencing hearing could not have exceeded the permitted range of his 1990 scoresheet and a two-cell increase without a written reason. Fla.R.Crim.P. 3.701(d)(14); see also Williams v. State, 594 So.2d 273, 275 (Fla. 1992). The fact that Cook was "resentenced" to probation on the 1989 offenses is a distinction without a difference. This Court's reasoning in Tripp is equally applicable to the factual scenario presented in this case.
We therefore conclude that Cook should have been credited with the four and a half years he served for the 1990 offenses when he was sentenced in 1991 for violating his probation on the 1989 offenses for a second time.[6] Accordingly, we quash the decision below.[7]
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Cook's total offense score, with credit card fraud as the primary offense, was 117. This total yielded a recommended range of five and a half to seven years and a permitted range of four and a half to nine years. Fla.R.Crim.P. 3.988(f).
[2] As to the Florida charges, Cook pled no contest and was adjudicated guilty of resisting an officer without violence. Cook was sentenced to a term of 60 days for this offense.
[3] The record is silent as to why the sentencing judge departed downward from the lower limit of the permitted range of the 1990 scoresheet and sentenced Cook to only three and a half years.

We note that Cook could have been sentenced to a total of nine years under the 1990 scoresheet  the upper limit of the permitted range under the sentencing guidelines. Fla.R.Crim.P. 3.988(f). In 1991, Cook's probation on the 1989 offenses was revoked for a second time. "[W]here there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation." Williams v. State, 594 So.2d 273, 275 (Fla. 1992). Hence, the 1991 sentencing judge could have sentenced Cook within a range based on the 1990 scoresheet with a two-cell increase  an upper limit of 17 years. Fla.P.Crim.P. 3.988(f).
[4] We recognize that a probationary period is not a sentence. See Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980); see also Committee Note, Fla.R.Crim.P. 3.790. In this context, we use "resentenced" to mean placed on probation for the same offenses for a second time.
[5] To hold otherwise, the State argues, would result in an unwarranted windfall to Cook  he would not serve any additional time for his second violation of probation on the 1989 offenses. We conclude that such an anomaly is a product of how Cook's sentence was structured as opposed to a misapplication of Tripp.

The sentencing judge clearly intended for Cook to spend an additional three and a half years in prison for the 1989 offenses. We note that the sentencing judge could have structured Cook's sentence such that Cook would have spent three and a half years in prison for the 1989 offenses even after being credited with the four and a half years he served for the 1990 offenses. As we previously recognized, with a two-cell increase, Cook could have been sentenced to a total of 17 years. See supra note 3. After crediting Cook with time served for the 1990 offenses, Cook would still have spent three and a half years in prison for the 1989 offenses if he had been sentenced to eight years. The sentencing judge could have sentenced Cook to eight years for the 1989 offenses  well within the permitted range.
[6] We note that Cook committed the 1989 offenses prior to October 1, 1989, the effective date of chapter 89-531, Laws of Florida. Cook is therefore entitled to credit for jail time actually served as well as gain-time granted pursuant to section 944.275, Florida Statutes (1991). See Tripp, 622 So.2d at 942-43 n. 2. If Cook had committed the 1989 offenses after October 1, 1989, he would not have been entitled to be credited with gain-time  only jail time actually served.
[7] Cook has completed his 1991 sentence and has since been transferred to Alabama where he is presently incarcerated. It is therefore unnecessary to remand this case for further proceedings.