PER CURIAM.
George W. Dock appeals the summary denial of his rule 3.800(a) motion to correct sentence in a revocation of probation case. We reverse and remand for resentencing.
Dock was initially sentenced to six years incarceration for burglary, and two consecutive years of probation for resisting arrest. Both charges arose out of the same criminal case. Dock served his sentence for burglary in the Department of Corrections and was released to complete the terms and conditions of his probation. He violated his probation and was sentenced to five years incarceration with credit for the 36 days he had served in the county jail on the resisting arrest charge. The sentence specifically provided that Dock would be allowed credit only for the time he previously served in the county jail for resisting arrest. Dock correctly contends that he is entitled to credit for all time served on the burglary conviction as well as time served on the resisting arrest conviction.
In Tripp v. State, 622 So.2d 941, 942 (Fla.1993) the Florida Supreme Court held:
if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
In this case, Dock was sentenced to consecutive terms of incarceration and probation. When he was sentenced for violation of probation on the resisting arrest offense, however,- he should have been given credit for time served in the burglary offense. Accordingly, we reverse the order denying Dock’s motion and remand for resentencing with instructions that Dock be given credit for all time served on both counts when he is sentenced for violation of probation.
REVERSED and REMANDED for resen-tencing.
GOSHORN, THOMPSON and ANTOON, JJ., concur.