PER CURIAM.
Robert T. Bond appeals the trial court’s denial of his motion to correct illegal sentence brought under Florida Rule of Criminal Procedure 3.800(a), alleging he is entitled to credit pursuant to State v. Green, 547 So.2d 925 (Fla.1989). The trial court denied the motion indicating that Bond was original *491 ly sentenced to probation in case number 88-1785, and therefore, Bond had earned no prior gain time. The trial court attached to its order the order sentencing Bond to probation.
It appears from our limited record that Bond was sentenced at the same time in case number 88-3480 to prison to be followed by probation in case number 88-1785. The Florida Supreme Court held in Tripp v. State, 622 So.2d 941 (Fla.1993), and reemphasized in Cook v. State, 645 So.2d 436 (Fla.1994), that when a defendant is sentenced on one charge to probation, consecutive to prison on another charge on the same guideline scoresheet, that upon subsequent incarceration on the probation charge, the defendant should receive credit for the previous prison time on the other charge.
Accordingly, we reverse and remand for further proceedings. On remand, should the trial court again deny the motion, it must attach portions of the record which refute Bond’s claim. See Becton v. State, 668 So.2d 1107 (Fla. 2d DCA1996).
Reversed and remanded.
BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.