686 So.2d 701 (1996)
Wallace DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02717.
District Court of Appeal of Florida, Second District.
December 27, 1996.
*702 PER CURIAM.
Wallace Duncan challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Duncan claims deprivation of credit for time served to which he is entitled pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). Because Tripp is not applicable to the habitual offender sentence that Duncan is serving, we affirm. We proceed en banc because this decision conflicts with Kilpatrick v. State, 622 So.2d 1032 (Fla. 2d DCA 1993).
At one sentencing proceeding, Duncan was sentenced in three separate cases. He received two guidelines sentences and a habitual offender sentence at that time. For one of the guidelines sentences, Duncan was sentenced to a term of imprisonment followed by probation. A concurrent term of probation as a habitual offender was imposed in the case before us. After serving the prison term and being placed on probation, Duncan violated his probation. Upon revocation of probation in this case, Duncan was sentenced to prison as a habitual offender without credit for time previously served. Duncan contends that under Tripp he is entitled to the credit for the time served in prison on the guidelines sentence imposed at the original sentencing.
In Tripp, the Florida Supreme court held that when prison and probation terms are imposed for different crimes at the same sentencing proceeding, a subsequent prison sentence upon revocation of that probation must reflect an award of credit for the earlier time served. This, the court reasoned, is necessary to preserve the intent of the sentencing guidelines. Duncan's sentence in this case, however, is a habitual offender sentence to which the guidelines do not apply. Consequently, Duncan is not entitled to credit for the time he served pursuant to the guidelines sentence.
The danger sought to be avoided by Trippthe imposition of prison time in excess of that mandated by the guidelines in circumstances where probation on one or more counts follows prison time on one or more otherssimply does not inhere in the context of a habitual offender sentence for which the guidelines do not apply. To the extent that this opinion conflicts with Kilpatrick v. State, 622 So.2d 1032 (Fla. 2d DCA 1993), we recede from Kilpatrick.
Affirmed.
THREADGILL, C.J., RYDER, DANAHY, CAMPBELL, SCHOONOVER, FRANK, PARKER, PATTERSON, ALTENBERND, BLUE, LAZZARA, FULMER, QUINCE, WHATLEY, JJ., concur.