711 So.2d 177 (1998)
Richard PRIESTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1878.
District Court of Appeal of Florida, Third District.
May 13, 1998.
*178 Bennett H. Brummer, Public Defender, and Donald Tunnage, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Maya S. Saxena, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and SORONDO, JJ.
COPE, Judge.
Richard Priester appeals an order denying his postconviction motion requesting additional credit for time served.[1] We conclude that he is entitled the requested credit.
Defendant-appellant Priester entered a plea in two cases.[2] In each case the agreement was for 364 days in jail (count I), followed by five years probation (count II). The sentences in the two cases were concurrent.
Defendant served the 364 days in jail and was released to probation. He violated probation and, insofar as pertinent here,[3] was sentenced to two five year terms of imprisonment, to be served consecutively.[4] Defendant was granted credit for fifty-three days of time served while awaiting the probation revocation hearing.
By motion for postconviction relief, defendant contends that he is entitled to thirty-two days additional credit for time served while awaiting the probation revocation hearing. The State concedes that the defendant is correct on this issue.
Defendant also argues that under the Florida Supreme Court's decisions in Cook v. State, 645 So.2d 436 (Fla.1994), and Tripp v. State, 622 So.2d 941 (Fla.1993), he is entitled to 364 days credit for the time served on count I of each case against the five-year sentences imposed on count II. The State concedes that defendant is correct on this point as well.
It would be our hope that at some point the Florida Supreme Court may see fit to revisit Cook and Tripp. The theory underlying Cook and Tripp is that "where a defendant is sentenced to prison to be followed by probation for multiple offenses, and ultimately violates that probation, that defendant's cumulative sentence may not exceed the *179 guidelines range of the original scoresheet. Otherwise, trial judges could structure sentences in such a manner as to circumvent the guidelines." Cook, 645 So.2d at 437-38 (citation omitted). Logically, this rule should come into play only where necessary to keep the sentence within the guidelinesbut Cook itself held that credit for time served had to be granted where that step was not necessary to keep the sentence within the guidelines. See 645 So.2d at 438 n. 5.
In the present case, it appears that the defendant's guidelines[5] exceeded the sentences imposed. By giving defendant credit for 364 days time served on count I, and credit for the same 364 days on count II, defendant is given a double credit. It would appear to us to be desirable to limit the rule in Cook and Tripp only to those situations where necessary in order to keep the disposition within the guidelines. At present, however, Cook and Tripp call for the credit to be granted and we remand for that purpose.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Defendant filed this motion under Florida Rule of Criminal Procedure 3.800. We agree with the Second District Court of Appeal that Rule 3.800 can be used to make the claim that the trial court failed to order the correct amount of credit for time served prior to sentencing. See Swyck v. State, 693 So.2d 618, 619 (Fla. 2d DCA), review granted, 699 So.2d 1376 (Fla.1997); see also Knox v. State, 692 So.2d 296, 297 (Fla. 3d DCA 1997).
[2] Circuit court case number 92-40142 and 93-12290.
[3] The sentences were corrected in Priester v. State, 651 So.2d 1319 (Fla. 3d DCA 1995).
[4] The offenses are third-degree felonies.
[5] The guidelines range is subject to increase for the defendant's violation of probation. See Fla. R.Crim. P. 3.701(d)(14); Williams v. State, 594 So.2d 273, 275 (Fla.1992).