W. SHARP, Judge.
Beaufort contends on appeal that he was improperly denied credit for time served in prison for a prior offense. The state concedes error. Accordingly, we reverse the sentences and remand for resentencing in both cases.
In 1995, Beaufort was sentenced in three cases for various drug offenses. In ease number 92-16605, he was sentenced to 30 months in prison. In case number 94-22194 he was sentenced to a concurrent term of 30 months in prison, followed by two years probation. And, in ease number 94-22199, he was sentenced to two years probation concurrent with the probation in case number 94-22194, and consecutive to the prison sentence in case number 94-22194. He served the prison time and began probation. He violated his probation and entered a plea to the violations in cases numbers 94-22194 and 94-22199, on August 4,1997.
At the sentencing hearing, defense counsel requested that Beaufort receive prison credit for the 30 months previously served on case number 94-22194, for both eases (94-22194 and 94-22199). The trial court only gave Beaufort his prior jail credit (80 days) against the new prison sentences of 33 months, which were to run concurrently.
The trial court was apparently mistaken in his belief that Beaufort had not served time in prison on case number 94-22194. Pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), he is entitled to credit for time served in prison for case number 94-22194, for both sentences after revocation of probation, under these circumstances. See also Whitfield v. State, 682 So.2d 707 (Fla. 5th DCA 1996) (upon revocation of probation and imposition of a sentence on one offense, which probation was being served consecutive to sentence of incarceration on other offenses, a defendant is entitled to credit of all time served on those other offenses).
REVERSED and REMANDED for resen-tencing.
PETERSON and THOMPSON, JJ., concur.