W. SHARP, J.
Stephenson appeals his sentence because the trial court failed to credit him with time served -following revocation of his probation. The state agrees error occurred. Thus, we vacate the sentence and remand for further consideration of the sentence consistent with this opinion.
The facts in this case are set forth in the record. In 1993, Stephenson was sentenced for two crimes: lewd and lascivious act in the presence of a child,[1] and lewd and lascivious assault on a minor.[2] -He was sentenced to seven years in prison for the first crime, and ten years on probation, consecutively for the second.
*1155 He served the incarcerative portion of Ms sentence for the first crime and was released on probation. Five months after commencing his probation he committed a new substantive offense and his probation was revoked. The “permitted” sentencing range under the 1993 guidelines was seven to seventeen years. The trial court sentenced Stephenson to fifteen years with credit only for time served after violation of probation. It denied his request for additional credit for time served on the first offense.
Pursuant to Tripp v. State, 622 So.2d 941, 942 (Fla.1993) and Cook v. State, 645 So.2d 436, 437 (Fla.1994), if a trial court sentences a defendant, based on one scoresheet, to a prison term for one offense, followed by probation for another, and the defendant later violates the probation and returns for sentencing on the second offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation. The trial judge expressed frustration in this case because he could not sentence Stephenson on the first crime since he had served his entire sentence for that crime. The judge thought he should be able to impose a longer sentence.
That does not appear to be legally possible unless the Florida Supreme Court revisits Tripp and Cook. However, in the case of violation of probation and multiple violations, the trial judge has discretion to “bump up” the sentence for the second crime.[3] See Williams v. State, 594 So.2d 273, 274 (Fla.1992); Shaw v. State, 637 So.2d 254 (Fla. 2d DCA 1994); Attach v. State, 634 So.2d 254 (Fla. 2d DCA 1994).
Sentence VACATED; REMANDED for resentencing.
GRIFFIN, C.J., and ANTOON, J., concur.

. § 800.04(4), Fla. Stat. (1993).

. § 800.04(1), Fla. Stat. (1993).

. Fla. R.Crim. P. 3.701(d)14.