776 So.2d 984 (2001)
Maynard WITHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1251.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
In 1990, Witherspoon was convicted of armed burglary (first degree felony punishable by a term not exceeding life) and attempted armed robbery (second degree felony). His scoresheet reflected a permitted range of 9 to 22 years. He was sentenced on the burglary count to twenty years in prison and on the attempted robbery count to five years probation. After serving approximately eight years of his twenty-year sentence, he was released from prison and embarked upon his probationary term. After about seven months, he was charged with violating his probation and pleaded guilty. At resentencing on the original robbery charge, Witherspoon was sentenced to fifteen years in prison without credit for the time served on the original burglary charge. Witherspoon appeals claiming that his fifteen year sentence should be reduced by the eight years he served on his original sentence as required by Tripp v. State, 622 So.2d 941 (Fla.1993). The State agrees that the rule announced in Tripp appears to support Witherspoon but urges that we certify the issue to the supreme court because the justification for the Tripp rule does not apply in this case.
We begin our analysis with the proposition that our constitution (by giving original jurisdiction to the trial court) and the statutes impose on the trial judge the obligation to determine a sentence appropriate for the offense. Prior to Tripp, the only limitations on the trial judge's sentencing discretion were the statutory maximums, guideline limitations, and due process considerations (a sentence may not be vindictive).
*985 The holding of Tripp is that if the trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, upon violation of probation credit for time served on the prison sentence must be awarded against any new imprisonment. But the basis of the holding was that trial courts should not be permitted to circumvent the guidelines by imposing the maximum sentence on one count and, upon violation, again impose the maximum sentence on the remaining count, and thus exceed the guideline range contemplated for both offenses. In other words, the justification for imposing another limitation on the trial judge's sentencing discretion through the Tripp rule was the supreme court's supervisory power to prevent the trial court from improperly circumventing the guideline maximum by using piecemeal sentences. This justification for the Tripp rule does not apply in this case.
Witherspoon's original guideline maximum was reflected to be 22 years. At resentencing in this case, an error was found in the original scoresheet and was, without objection, corrected to reflect a maximum of 27 years so that, with the one cell bump-up, 40 years less Witherspoon's original sentence remained available to the trial court. The trial court sentenced Witherspoon to the maximum for a second degree felonyfifteen yearsbut, because it believed ample guideline authority remained and because it believed Tripp did not apply, refused to credit the previous time served against this sentence.
The State urges that we certify the issue to the supreme court asking whether when there remains ample guideline authority to justify the new sentence so that there is no suggestion that the trial judge is trying to circumvent the guideline maximum, a sentence may be entered which does not include time previously served on another offense. While we agree with the court in Priester v. State, 711 So.2d 177 (Fla. 3d DCA 1998), that based on the reasoning of Tripp, the Tripp rule should come into play only when the guideline maximum is exceeded, we also agree with Priester that, when given the opportunity to do so in Cook v. State, 645 So.2d 436 (Fla.1994), the supreme court refused to so limit its holding.
In Cook, the supreme court mentioned but did not discuss its original justification for imposing the Tripp rule and therefore did not indicate why, if that justification was not present, the Tripp rule should be applied. The real issue in Cook was whether the Tripp rule should apply after a probation entered in a 1989 case was violated, again imposed as a part of a new sentence on a 1990 offense, and again violated. The supreme court held that it should apply, refusing to distinguish Cook from Tripp merely because Cook dealt with a probation entered in one case which was re-entered in another case prior to violation.
Admittedly, however, Cook applied the Tripp rule even though in Cook the trial court clearly was not attempting to circumvent the guideline maximum. But the court does not give a new justification for the Tripp rule under these circumstances.
We therefore apply Tripp and reverse the sentence and remand for resentencing. However, pursuant to the concerns stated in Priester and in order to give the supreme court the opportunity to do so if it wishes, we certify the question as one of great public importance as to whether, if the reason which prompted the Tripp rule is not present, Tripp must apply.
REVERSED and REMANDED and QUESTION CERTIFIED.
THOMPSON, C.J., and PLEUS, J., concur.