782 So.2d 468 (2001)
Larry Glenn RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1908.
District Court of Appeal of Florida, Second District.
March 21, 2001.
James Marion Moorman, Public Defender, Bartow, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Larry Glenn Ray challenges the trial court's denial of his request for credit for time served. When the trial court sentenced Ray to thirty-nine months' incarceration after he admitted violating the terms of his community control, Ray requested credit for time previously served on another case. Because we conclude that the trial court correctly denied his request for credit, we affirm.
Ray was convicted of two counts of lewd act on a child in 1993 and was placed on *469 probation. In 1996, he entered a negotiated plea of no contest to fleeing to elude an officer, aggravated assault on an officer, resisting arrest with force or violence, and escape. As a part of that negotiated plea, Ray also admitted violating his earlier probation. The plea agreement called for a sentence of four and one-half years of incarceration followed by five years of probation. The trial court accepted the plea and imposed the four-and-one-half-year prison sentence on the 1993 charges, followed by the consecutive five-year probationary term on the 1996 charges.
In 1998, Ray was again found to have violated the terms of his probation and was placed on two years of community control. In 1999, he entered a negotiated plea admitting that he had violated his community control in exchange for a sentence of thirty-nine months in prison. The trial court accepted his plea and imposed the thirty-nine-month term. Ray then filed a motion requesting credit for the four and one-half years he had already served on the 1993 charges. The trial court denied the motion.
Although Ray argues that this issue is controlled by Tripp v. State, 622 So.2d 941 (Fla.1993), we cannot agree because Tripp was intended to address a specific sentencing danger not present here. In Tripp, the supreme court sought to prohibit the practice of imposing consecutive probation as a mechanism to boost, on a subsequent violation, the total incarcerative term beyond the guidelines range. Because Ray's total incarcerative term did not exceed his original guidelines range on either set of offenses, that consideration is not present here.
In Tripp, the defendant was convicted of burglary and grand theft, both offenses occurring as part of the same incident. At sentencing, both offenses were properly scored on one guidelines scoresheet. The trial court imposed a guidelines prison sentence on the burglary charge and a period of consecutive probation on the grand theft charge. When the defendant violated his probation, the trial court imposed a new prison sentence on the grand theft charge. The trial court gave Tripp four years' credit for the time he had served on the burglary charge, and the appellate court reversed. The Florida Supreme Court upheld the trial court, stating that Tripp was entitled to credit for the time he served on the burglary charge against the new sentence imposed on the grand theft charge. The supreme court explained that failure to award such credit would allow the sentencing court to circumvent the intent of the guidelines as follows: The trial court could impose the maximum incarcerative sentence for the primary offense and probation on the other counts. Then, on a subsequent violation of probation, the court could again impose the maximum incarcerative term. The supreme court observed that if the defendant were not given credit for time served for the primary offense, the total incarcerative period imposed would exceed the guidelines range. Id. at 942.
The holding in Tripp is plainly intended to preclude trial courts from employing a sentencing mechanism that effectively circumvents and exceeds the sentencing guidelines ranges specified by law. However, nothing in Tripp suggests that the supreme court intended for Tripp to apply to every case where probation is imposed on one offense consecutive to a prison sentence on another offense. In the instant case, unlike the situation in Tripp, Ray's 1996 sentencing involved two separate scoresheets.[1] As a result, the 1996 *470 charges were not factored into the computation of the guidelines sentence for the 1993 offenses; the 1993 charges were factored into the computation of the guidelines sentence for the 1996 charges only as prior record. Tripp does not apply when the offenses are scored on separate guidelines scoresheets and one of the offenses is not factored into the guidelines computation of the other offense. See Slater v. State, 639 So.2d 80 (Fla. 2d DCA 1994). Because Ray was sentenced using two separate scoresheets, when he appeared before the trial court for sentencing on the 1993 charges and the 1996 charges together, the trial court could have sentenced Ray to a maximum guidelines sentence on each set of offenses and could have imposed those sentences consecutively. See Dillard v. State, 728 So.2d 725 (Fla.1999). In other words, the maximum sentence that the sentencing court could have imposed in 1996 would have been the sum of the two guideline maximums. Consequently, the Tripp policy considerations are not present here. The total sentence imposed was not any more severe than the sentence that the court could have imposed in 1996. The trial court was correct in denying Ray's request for credit for time served.
Affirmed.
BLUE, A.C.J., and FULMER, J., concur.
NOTES
[1] Because the earlier offenses occurred before January 1, 1994, and the new charges arose after that date, the offenses were required to be scored on two separate scoresheets. See Dillard v. State, 728 So.2d 725 (Fla.1999).