HAZOURI, J.
Appellant timely appeals the trial court’s order denying his motion to correct the sentence entered on charges of burglary (counts I and II) and dealing in stolen property (count III) in case number GO-4128. We affirm.
Appellant was arrested on March 2, 2000. On March 21, 2000, Appellant was charged by information in case number 00-4128 with two counts of burglary of a dwelling and one count of dealing in stolen properly. The state notified Appellant that upon conviction, it would seek to have him sentenced as a habitual felony offender, habitual violent felony offender, a three-time violent felony offender and/or a violent career criminal.
On May 23, 2000, Appellant executed a written plea agreement. The agreement noted that pursuant to the sentencing guidelines Appellant could receive a minimum sentence of six years in prison and a maximum sentence of fifteen years in prison. The trial court noted that Appellant had fifteen prior felonies and if habitual-ized, he could face 30 years in prison. The trial court also advised Appellant that a plea to these charges would be an admission that he violated his probation in case number 98-22487. That same day, Appellant pled no contest to the three counts charged in the information in case number 00-4128.
Following the sentencing hearing, the trial court revoked Appellant’s probation in case number 98-22487 and sentenced him to five years in prison. In case number 00-4128, the trial court sentenced Appellant to 15 years in prison, to run concurrent to the sentence imposed in case number 98-22487. Appellant received credit for the 114 days he was incarcerated prior to the sentencing hearing.
On November 29, 2000, Appellant filed a motion to correct his sentence in the trial court. Appellant sought credit against his sentence in the instant case for time served on two prior convictions in case numbers 90-5431 and 90-17292, which had *685 been vacated.[1]
Appellant argues that the trial court erred when it denied his motion to correct sentence. He contends the trial court should have given him credit for time served on the two vacated convictions.
Appellant is in effect arguing that he has a credit for the time served on the prior invalidated convictions that he may use to reduce his sentence on a yet to be committed crime. This would result in allowing convicted individuals to establish a line of credit for future crimes, giving them a sense of immunity and an incentive to engage in criminal conduct, a result which cannot be condoned. Giving individuals such an incentive to commit future crimes is clearly against public policy. See Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir.1971)(public policy consideration in not creating an incentive for future crimes outweighs the claim for requital by way of credit for an illegal detention); accord Bowen v. Murphy, 693 F.2d 104, 105 (10th Cir.1982); People v. Fischer, 100 Ill.App.3d 195, 201, 426 N.E.2d 965, 970, 55 Ill.Dec. 640, 645 (Ill.App. 1 Dist.1981); State v. Allison, 99 Wis.2d 391, 394, 299 N.W.2d 286, 287 (Wis.Ct.App.1980); State v. Marnin, 108 N.J.Super. 442, 445, 261 A.2d 682, 683 (N.J.Super.Ct.App.Div.1970). Accordingly, Appellant’s sentence is affirmed.
GUNTHER, J., concurs.
KLEIN, J., concurs specially with opinion.

. The two prior convictions relied upon by Appellant occurred in 1990 and 1991. There is no evidence that those two cases are in any way related to the crimes charged in the instant case, which occurred in 2000. Furthermore, the judgments and sentences in the two prior cases were vacated on May 31, 1995, over four and one half years prior to the commission of the crimes for which he was sentenced in the instant case.