804 So.2d 455 (2001)
Gary PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4390.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
Gary Palmer, Okeechobee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the trial court's denial of credit for time served following a probation violation on his original sentence.
He was originally sentenced to five years of imprisonment for burglary with a battery consecutive with five years of probation for two counts of sexual battery causing serious injury. The trial court used one scoresheet and indicated that it was sentencing him as an habitual offender for the burglary. The defendant served his time on the first count and after release violated his probation on the remaining counts.
The trial court sentenced him to nine years in prison upon his violation. The defendant asked to receive credit for the five years served on the first count from the original sentence. The trial court denied his request.
In Tripp v. State, the defendant was originally sentenced to a term of imprisonment on one count followed by probation on another count. See 622 So.2d 941 (Fla. 1993). The defendant violated his probation, and the supreme court ruled that credit should be given for the time served on the first count against the sentence imposed for the probation violation on the second count. See id. The court stated "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Tripp, 622 So.2d at 942.
We recognize that a few of our sister courts have expressed concern with the application of Tripp. See Priester v. State, 711 So.2d 177 (Fla. 3d DCA 1998) (certifying to the supreme court the question *456 whether Tripp should apply when the reasons prompting it are not present); Ray v. State, 782 So.2d 468 (Fla. 2d DCA 2001) (refusing to apply Tripp where the sentence does not exceed the maximum sentence possible at the original sentencing). However, we apply Tripp as it currently exists.
Here, we find that Tripp applies to sentences where a portion of the sentence was pursuant to the habitual offender statute. Tripp holds that offenses which are originally sentenced together should continue to be treated in relation to each other. See 622 So.2d at 942. The habitual offender statute does not change that rationale.
REVERSED AND REMANDED FOR SENTENCING.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.