PER CURIAM.
We reverse the trial court’s order denying Appellant’s rule 3.800(a) motion to correct an illegal sentence. Appellant is entitled to re-sentencing under the 1994 guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000).
Appellant was convicted of burglary of a dwelling and sentenced under the 1995 guidelines to 48 months in prison. Appellant’s offense, which was committed November 6, 1995, is within the window period. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000). He alleges that under the 1994 guidelines, the permissible sentencing range is 19.8 to 33 months. The sentence he received in this case, 48 months in prison, exceeds the 1994 range. See Heggs.
The state claims that the Heggs issue is moot because Appellant has already completed his sentence. See Edwards v. State, 765 So.2d 222 (Fla. 2d DCA 2000)(Heggs issue is moot based on the defendant’s release from incarceration); Prado v. State, 755 So.2d 178 (Fla. 2d DCA 2000)(the sentencing issue was moot because the defendant had completed his sentence and was released).
*397 However, the issue is not moot in this case because Ms sentence was combined with sentences he received in two other cases to calculate his release date. It is undisputed that while he was serving his sentence in this case, Appellant was convicted and sentenced on two other cases. In those cases, he was sentenced to 40 months in prison to be served concurrent with each other but consecutive to his sentence in this case. Pursuant to section 944.275(2)(b), Florida Statutes, the Department of Corrections combined - the 48 month sentence with the 40 month sentences to calculate his release date. As a result, although he completed the sentence in the 1995 case, it continues to affect his release date. The state does not refute Appellant’s claim that if he was re-sentenced under the 1994 guidelines and his release date was re-calculated, he would be entitled to immediate release.
The state argues that this issue should not be addressed by this court because it was not presented to the trial court. The record reflects that Appellant’s 3.800(a) motion was received by the circuit court clerk on April 12, 2002. The trial court directed the state to file a response on April 18, 2002. On June 10, 2002, Appellant filed a notice to the court, informing the court that as of June 14, 2002, he would have completed his lawful sentence and he would be illegally held by the Department of Corrections. The state filed its response on June 14, 2002, arguing the issue was moot. The trial court, on June 19, 2002, denied Appellant’s motion as moot. On June 20, 2002, Appellant filed a reply to the state’s response and explained that the sentencing issue was not moot because it was still affecting his release date in a consecutive case. There was no reason for Appellant to have raised the issue other than by reply to the state’s response. We, therefore, conclude that the issue was raised in the trial court, albeit not addressed.
Because Appellant appears to have stated a legally sufficient claim, we reverse and remand with directions to re-sentence Appellant on case number 95-11500CF A02, pursuant to Heggs.
GUNTHER, STONE, and TAYLOR, JJ., concur.