STONE, J.
Matthews appeals his sentence in case number 90-1156 on the ground that he was denied Tripp[1] credit when he was sentenced for violating his probation. Although he has finished serving this sentence, he contends that he is entitled to have the appropriate credit applied to his sentence in case number 94-1592 because, as this sentence was consecutive to the sentence in the 1990 case, the error affected his release date in the 1994 case. We agree and reverse the order denying Mat *239 thews’ February 22, 2002, motion to correct an illegal sentence.
In 1990, Matthews pled guilty to (count I) battery on a law enforcement officer, (count II) resisting an officer with violence, and (count III) escape. For counts I and II, he was sentenced to serve concurrent terms of five years as a habitual felony offender with credit for time served. For count III, he was ordered to serve five years of probation consecutive to the prison sentence.
In 1994, while serving the probation portion of his sentence for count III, Matthews committed two new crimes. The court revoked Matthews’ probation in the 1990 ease and sentenced him to serve four and a half years in prison with credit for the 355 days he had served while awaiting sentencing. On that same day, Matthews was also sentenced for the substantive charges of sexual battery and false imprisonment in case number 94-1592. However, this sentence was reversed on appeal to this court and Matthews was re-sentenced in 1997.
Upon re-sentencing in case number 94-1592, Matthews was ordered to serve five years in prison as to count I and, as to count II, one year in prison followed by four years on probation, with 1,099 days credit for time served, plus all unforfeited gain time.[2]
In 2001, Matthews violated his probation in the 1994 case and was re-sentenced. Matthews filed a rule 3.800(b) motion to correct sentence in case 90-1156, arguing that he should have received Tripp credit and, because he had completed the 1990 sentence, the credit should be considered relative to the date he commenced serving his 1994 sentence.
In Tripp, the defendant was originally sentenced to a term of imprisonment on one count followed by probation on another count. He violated his probation, and the supreme court ruled that credit must be awarded for the time served on the first count against the sentence imposed for the probation violation on the second count. In Palmer v. State, 804 So.2d 455 (Fla. 4th DCA 2001), we held that the Tripp rationale applies even where the defendant was sentenced as a habitual offender.
The record reflects that had Tripp credit been applied in the 1990 case, his sentence in the 1994 case would have started one year and 88 days sooner than it did. Prior to Palmer, case law indicated that Tripp credit would not be applied to a violation of probation from time served by the defendant on counts for which he was sentenced as a habitual felony offender. See Duncan v. State, 686 So.2d 701 (Fla. 2d DCA 1996)(holding that Tripp credit is not applicable to habitual felony offender sentence).
This court has determined that a prisoner is entitled to correct a credit for time served in an earlier case that impacts a subsequent release date. See Pizano v. State, 829 So.2d 396 (Fla. 4th DCA 2002). In Pizano, the appellant had completed his 1995 sentence when he argued that he was entitled to be re-sentenced under the 1994 guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The state argued that the issue was moot because he had already completed his sentence. This court rejected the state’s argument because he was still in prison serving sentences in two other cases that ran consecutive to the 1995 case. The 1995 sentence was combined with the other two concurrent sentences to calculate his release date. As a result, although he had com *240 pleted his 1995 sentence, the error in that case continued to affect his release date. Therefore, this court reversed and remanded with instructions that the appellant be re-sentenced under the 1994 guidelines so that his release date could be recalculated. Id. at 397.
Here, as in Pizano, the failure to apply Tripp credit to his sentence in the 1990 case affected Matthews’ release date in the 1994 case. As Matthews’ sentence in 94-1592 commenced consecutive to his sentence in 90-1156, he is entitled to the Tripp credit. See Vellucci v. Cochran, 138 So.2d 510 (Fla.1962); Silvester v. State, 794 So.2d 683 (Fla. 4th DCA 2001)(Judge Klein concurring specially and interpreting Vellucci to mean that “if a defendant has wrongfully served the first of two consecutive sentences, the time he wrongfully served on the first sentence should be credited to the sentence which was to begin at the expiration of the first sentence.”).
As to the Tripp issue, we reverse and remand for further proceedings in accordance with this opinion. With respect to applying Tripp credit to habitual felony offender sentences, we stand by our decision in Palmer, and certify conflict with Duncan. As to all other issues raised, we affirm.
FARMER, C.J. and GUNTHER, J., concur.

. Tripp v. State, 622 So.2d 941 (Fla.1993).

. Matthews’ sentence, as to count II, was subsequently amended, resulting in a sen-ience of one year and one day followed by three years and 364 days of probation.