SILBERMAN, Judge.
Calvin Buford appeals his sentences for attempted sexual battery on a child under twelve and lewd act on a child. We reverse the twenty-year sentence for lewd act on a child and remand for the trial court to impose a sentence that does not *129 exceed the statutory maximum and to clarify Buford’s credit for prior time served in prison.
In 1991 Buford entered a guilty plea to attempted sexual battery on a child under twelve and lewd act on a child. Both offenses occurred in 1989. The trial court sentenced Buford to fifteen years in prison followed by ten years’ probation on count one, attempted sexual battery on a child under twelve. The trial court imposed ten years’ probation on count two, lewd act on a child, consecutive to the prison sentence in count one and concurrent with the probationary period in count one.
After serving approximately ten years in prison, Buford was released and began his probationary term. Buford violated his probation in 2002, and the trial court revoked his probation and imposed concurrent sentences of twenty years in prison on both counts. Buford filed a motion to correct sentencing error, arguing that the twenty-year sentence for lewd act on a child was excessive and that the sentence did not clearly state that all time previously served in prison on count one was to be credited to counts one and two, as the trial court intended. The trial court denied the motion.
On appeal, Buford first contends, and the State properly concedes, that the trial court erred in sentencing Buford to twenty years in prison on count two because the statutory maximum for lewd act on a child, a second-degree felony, is fifteen years. See §§ 775.082(3)(c), 800.04, Fla. Stat. (1989). The trial court denied Buford’s motion to correct sentencing error on this ground because Buford’s score-sheet called for a sentence between twelve and twenty-seven years, and the trial court stated that when the guideline score exceeds the statutory maximum, the court must impose the guideline sentence. The guidelines in effect in 1989 when Buford committed these offenses, however, did not allow for a sentence to exceed the statutory maximum. See § 921.001(5), Fla. Stat. (1989); Mays v. State, 717 So.2d 515, 516 (Fla.1998). Therefore, we reverse Buford’s sentence on count two and remand for the trial court to impose a sentence that does not exceed the statutory maximum of fifteen years.
Second, Buford argues, citing Tripp v. State, 622 So.2d 941 (Fla.1993), and Cook v. State, 645 So.2d 436 (Fla.1994), that he is entitled to have credit for time previously served in prison on count one applied to counts one and two. The State agrees but contends that the sentence is sufficiently clear to apprise the Department of Corrections to credit Buford on both counts. On remand, we direct the trial court to clarify in the written sentence that credit for prior incarceration on count one is to be applied to counts one and two.
Reversed and remanded.
ALTENBERND, C.J., and DAVIS, J., Concur.