COPE, J.
 

 The question in this appeal is whether Victor Montesino is entitled to additional credit for time served under the decision in
 
 Tripp v. State,
 
 622 So.2d 941 (Fla.1993). We conclude that the answer is yes, and reverse the order now before us.
 

 Defendant-appellant Montesino entered a plea in Miami-Dade County circuit court case number 92-21641. He was placed on probation.
 

 Thereafter, the defendant committed a new crime which was charged in Miami-Dade County circuit court case number 92-22450.
 

 In 1993, the defendant was convicted in the new case and his probation was revoked in the old case. He was sentenced to ten years in prison on the new case, number 92-22450, with a consecutive sentence of probation in the old case, number 92-21641. The defendant completed his incarceration and was released on probation.
 

 In 2001, another affidavit of violation of probation was filed. The defendant was found to have violated his probation and was sentenced to 3.5 years in prison.
 
 *
 

 The defendant requested credit for the time he served in number 92-22450 to be applied to his 3.5 year sentence in number 92-21641. The defendant asserted that he is entitled to such credit under
 
 Tripp v. State.
 
 The Department of Corrections responded that it is unable to grant such credit administratively and any such credit would require a court order.
 

 The defendant filed a motion under Florida Rule of Criminal Procedure 3.800(a), requesting
 
 Tripp
 
 credit. The State filed a response in the trial court, arguing that the defendant is not entitled
 
 *414
 
 to such credit. The trial court denied the motion and the defendant has appealed.
 

 The
 
 Tripp
 
 rule applies where, as here, a defendant is sentenced under the sentencing guidelines to a sentence of incarceration for one offense, followed by a term of probation on another offense.
 
 Tripp,
 
 622 So.2d at 942-43. The rule applies only to sentences imposed under the sentencing guidelines, and does not apply to sentences imposed under the Criminal Punishment Code, which was adopted in 1998.
 
 Moore v. State,
 
 882 So.2d 977, 984 (Fla.2004). The sentences at issue here were imposed under the sentencing guidelines, so
 
 Tripp
 
 is applicable to these sentences. The fact pattern in the present case is like the fact pattern which existed in
 
 Cook v. State,
 
 645 So.2d 436, 436-38 (Fla.1994), so the
 
 Tri,pp
 
 rule governs.
 

 The State argued in the trial court that
 
 Tripp
 
 credit should be denied on authority of
 
 Ray v. State,
 
 782 So.2d 468 (Fla. 2d DCA 2001). That case is inapplicable here. In
 
 Ray,
 
 the defendant committed a crime in 1993 which was governed by one version of the sentencing guidelines, and committed another crime in 1996, which was governed by a different version of the sentencing guidelines. For that reason the two offenses were scored on two different scoresheets. The Second District found that on those facts,
 
 Tripp
 
 did not apply.
 
 Ray,
 
 782 So.2d at 469-70. Here, however, the two offenses are governed by the same version of the sentencing guidelines and the defendant’s sentence of incarceration followed by probation was imposed with the use of a single scoresheet. As already stated, this is the same procedural position that existed in
 
 Cook.
 

 The State also argued in the trial court that the underlying purpose of the
 
 Tripp
 
 rule was not served in this case. The State argued that the defendant’s guidelines scoresheet allowed a sentence of up to twenty-two years. Because the two sentences of incarceration (ten years plus 3.5 years) fell within the guidelines range, the State contended that
 
 Tripp
 
 should not be applied. While we have no quarrel with the State’s logic,
 
 see Priester v. State,
 
 711 So.2d 177 (Fla. 3d DCA 1998), the Supreme Court has rejected that argument and held that
 
 “Tripp
 
 should be applied notwithstanding the fact that the newly imposed sentence is within the guidelines.”
 
 State v. Witherspoon,
 
 810 So.2d 871, 873 (Fla.2002);
 
 see Sommers v. State,
 
 829 So.2d 379, 380 (Fla. 3d DCA 2002) (same).
 

 For the stated reasons, we reverse the order now before us and remand with directions to grant
 
 Tripp
 
 credit against the 3.5 year sentence imposed in number 92-21641.
 

 *
 

 This sentence is to be served consecutively to a fifteen-year sentence imposed in an unrelated case, Miami-Dade County circuit case number 01-25316.