PER CURIAM.
Appellant, an inmate in the state prison system, seeks review of a final order summarily denying his petition for a writ of habeas corpus on the ground that “the petition on its face has failed to state any cause upon which relief may be granted.” We reverse.
Appellant’s petition challenged the procedure by which he was disciplined for allegedly possessing “escape paraphernalia.” The disciplinary action resulted in disciplinary confinement for 60 days and the loss of 300 days of gain time. The relief requested was that all reference to the disciplinary action be removed from appellant’s file, and that the lost gain time be restored.
Because appellant did not allege that he was entitled to immediate release from incarceration, we treat his petition as one for a writ of mandamus, rather than habeas corpus. E.g., Mathis v. Singletary, 608 So.2d 565 (Fla. 1st DCA 1992). Our review of appellant’s petition satisfies us that it presents “a prima facie case for relief.” Accordingly, the trial court should have issued an alternative writ, as required by rule 1.630(d), Florida Rules of Civil Procedure.
We reverse and remand. On remand, the trial court shall issue an alternative writ, and conduct such further proceedings as may prove necessary.
REVERSED and REMANDED, with directions.
JOANOS, KAHN and WEBSTER, JJ., concur.