634 So.2d 171 (1994)
Jerry Edward BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3841.
District Court of Appeal of Florida, First District.
February 16, 1994.
*172 Nancy A. Daniels, Public Defender, and J. Yvette Pressley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jerry Bailey appeals his three sentences imposed upon revocation of probation, contending that the circuit court erred in not giving him full credit on each sentence for the 4-year sentence served in prison on count 1, and full credit for the 184 days he remained in jail awaiting disposition of the original charges and sentencing thereon. Because the sentences as imposed do not comport in all respects with the supreme court's recent decision in Tripp v. State, 622 So.2d 941 (Fla. 1993), it is necessary to reverse and remand for resentencing.
In October 1989, Bailey pleaded nolo contendere to offenses of grand theft auto, a third degree felony (count 1), carrying a concealed firearm, a third degree felony (count 2), and resisting arrest without violence, a first degree misdemeanor (count 3). The sentencing guidelines scoresheet placed him in the cell recommending a range of 3 1/2 to 4 1/2 years' imprisonment. He was sentenced to 4 years in prison followed by 1 year's probation on count 1,[1] five years' probation on count 2 (consecutive to count 1), and 1 year's probation on count 3 (concurrent with count 1).
In November 1991, after completing the imprisonment portion of his sentence and being released on probation, Bailey was charged with and convicted of committing another offense of grand theft of an automobile in another county. An affidavit of violation of probation based on that offense was filed and the matter came on for hearing while Bailey was serving a sentence of imprisonment on that charge. The sentencing guidelines, with the one-cell bump for violating probation, placed Bailey in the cell permitting imprisonment for 3 1/2 to 7 years. The circuit court accepted Bailey's plea of nolo contendere to the violation, revoked his probation on all three counts, and sentenced him to the following: (1) 5 years in prison on the grand theft charge in count 1, with credit for 4 years served in prison prior to the probationary period; (2) 2 years in prison on the concealed firearm charge in count 2, without credit for any time served, to run consecutively to the sentence on count 1; and (3) 1 year in prison on the resisting arrest charge in count 3, without credit for any time served, to run concurrently with the sentences on counts 1 and 2.[2] The circuit court's sentencing objective is obvious; it was intended that Bailey serve 3 more years in prison, for a total of 7 years' imprisonment on these charges as permitted by the sentencing guidelines. The question is whether the court complied with the law governing sentencing guidelines in attempting to accomplish this result.
In Tripp v. State, the supreme court recently held, literally, that "if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." 622 So.2d at 942. We treat this holding as a "bright line" rule intended to simplify the application of sentencing guidelines and avoid confusion arising from the varying circumstances that can occur in different cases. Under this rule, the sentences imposed on all three counts for Bailey's violation of probation should have included credit for the 4-year prison term he had served because the probationary periods originally imposed on counts 2 and 3 were consecutive to the prison term imposed on *173 count 1. See also State v. Green, 547 So.2d 925 (Fla. 1989).
We note, however, that the application of Tripp in this case leads to a bizarre result. The trial judge intended to require Bailey to serve a total of 7 years' imprisonment on the three offenses, and the sentence imposed is within the sentencing guidelines. However, on resentencing the circuit court can only impose a sentence of 5 years' imprisonment on counts 1 and 2 as they are third degree felonies (only one year can be imposed for the first degree misdemeanor in count 3). Four years' credit against each of these potential sentences, even if each is to be served consecutively, will erase any imprisonment on the misdemeanor count entirely, and leave only 1 year to be served on each of the felony counts. As a result, the total imprisonment that Bailey can be ordered to serve will be only 6 years. While we apply the bright line holding in Tripp in deciding this case, we question whether the supreme court considered and intended this potential result. Accordingly, we certify the following question of great public importance to the court:
DOES THE HOLDING IN TRIPP REQUIRE THAT CREDIT BE GIVEN FOR TIME SERVED IN PRISON ON EACH CONSECUTIVE SENTENCE IMPOSED UPON REVOCATION OF PROBATION WHEN THE FAILURE TO GIVE SUCH CREDIT ON EACH SENTENCE DOES NOT RESULT IN A SENTENCE BEYOND THAT ALLOWED BY THE SENTENCING GUIDELINES?
The circuit court did not err in denying credit for 184 days' jail time served prior to imposition of the original sentences, because the probationary periods for counts 2 and 3 originally were imposed to run consecutively to the prison sentence imposed on count 1. Daniels v. State, 491 So.2d 543 (Fla. 1986); Knight v. State, 517 So.2d 87 (Fla. 1st DCA 1987). Credit for this period of incarceration has been included in the 4-year sentence for which Bailey is to receive full credit pursuant to Tripp.
The sentences on counts 2 and 3 are vacated and this cause is remanded for resentencing thereon.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.
NOTES
[1] The sentence on this count gave Bailey credit for 184 days served in jail awaiting disposition and sentencing.
[2] All of Bailey's offenses were committed prior to October 1, 1989, the effective date of chapter 89-531, Laws of Florida, so that "credit for time served" required the inclusion of jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1989). Tripp v. State, 622 So.2d at 942 n. 2.