PARKER, Judge.
Appellant’s counsel filed this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moiter filed a supplemental brief challenging his sentences. We agree with Moiter and remand for correction of the written sentences.
In Case no. 90-577 the trial judge sentenced Moiter on two counts of robbery with a deadly weapon (Counts 30 and 31) and one count of attempted robbery (Count 32). When the trial judge orally pronounced the sentences, he misspoke twice in regards to the sentence for Count 32, but he followed the misstatements both times by stating that he was sentencing Moiter to ten years’ probation for Count 32. The written sentence for Count 32, however, shows fifteen years in prison to be followed by ten years’ probation. This case must be remanded to the trial court to correct the written sentence to conform to the oral pronouncement of ten' years’ probation for Count 32. See Tyll v. State, 638 So.2d 619 (Fla. 2d DCA 1994).
The written sentences also are incorrect in regards to credit for time served in prison and jail. Upon Moiter’s original conviction in Case no. 90-577, the trial court sentenced him to a three-year mandatory minimum term in prison to be followed by probation on Count 29. Moiter must receive credit for the time he served on Count 29 upon revocation of probation on Counts 30, 31, and 32. See Tripp v. State, 622 So.2d 941 (Fla.1993). Even though the trial court stated that Moiter should receive credit for time served, the written sentences failed to reflect the credit. Also, in Case no. 89-10900, the sentencing document shows 325 days’ jail credit for Count 1 but does not show the credit for Count 2, as it should. We, therefore, remand these cases to the trial court to correct the written-sentences to reflect the credit for time served in prison and in jail.
Remanded for correction of the written sentences.
FRANK, C.J., and LAZZARA, J., concur.