ERVIN, Judge.
Appellant, Stephon Harrison, challenges the trial court’s order denying his petition for writ of habeas corpus,[1] which alleged that the Department of Corrections had failed to award him proper credit for prison time previously served. We agree that appellant is entitled to credit under Tripp v. State, 622 So.2d 941 (Fla.1993), and, therefore, reverse and remand for further proceedings.
Appellant was sentenced on the same day to five years in prison followed by ten years of probation in Case No. 88-1002 and to ten years of probation in Case No. 88-418, which was made to run concurrently with the probationary term imposed in Case No. 88-1002.[2] Appellant was released from prison after serving 1406 days, and he began serving the concurrent probationary terms. He subsequently violated probation, and, upon revocation, he was sentenced to concurrent terms of ten years of incarceration with credit for previous jail and prison time. While appellant’s sentence in Case No. 88-1002 was credited with the 1406 days previously served in prison, no similar credit was applied to his sentence in Case No. 88-418. After exhausting his administrative remedies, appellant filed the instant petition.
The probationary term imposed in Case No. 88-418 was consecutive to the prison sentence given at the same time in Case No. 88-1002. Therefore, under Tripp, appellant was entitled to credit for the time served in prison for Case No. 88-1002, when he was resentenced following revocation of probation in Case No. 88-418. Bailey v. State, 634 So.2d 171 (Fla. 1st DCA), review dismissed, 637 So.2d 233 (Fla.1994). Under the circumstances, appellant has demonstrated a clear legal right on his part, an indisputable legal duty on the part of the Department of Corrections, and the lack of other adequate remedy, thereby entitling him to mandamus relief.
The trial court’s order is REVERSED and the case REMANDED with directions to grant the writ of mandamus.
MICKLE and LAWRENCE, JJ., concur.

. The trial court should have considered appellant’s petition as one for mandamus, rather than habeas corpus, because, even with the application of a 1406-day credit in Case No. 88-418, he is not entitled to immediate release. See Fox v. Singletary, 635 So.2d 69 (Fla. 1st DCA 1994).

. Appellant contends that he was given the same sentence in both cases, which is supported by the written plea agreement; however, the sentencing transcript reflects that the above sentences were those actually imposed.