PER CURIAM.
Clarence Wayne Springer (Springer) appeals the trial court’s summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Of the several issues raised on appeal, only one has merit.
Specifically, Springer is entitled to credit for the fifteen years he served in the 1988 cases against the multiple concurrent five-year sentences he received for violating probation in the 1986-87 cases and for violating probation in the 1988 cases.[1] Cook v. State, 645 So.2d 486 (Fla.1994); Tripp v. State, 622 So.2d 941 (Fla.1993); Bailey v. State, 634 So.2d 171 (Fla. 1st DCA), review dismissed, 637 So.2d 233 (Fla.1994). As application of this credit will nullify the sentences imposed for violating probation in those two sets of cases, we hereby VACATE the sentences imposed for violating probation.
We AFFIRM Springer’s sentence in all other respects.
WOLF, LAWRENCE and BENTON, JJ., concur.

. All these offenses were committed before October 1, 1989, the effective date of chapter 89-531, Laws of Florida, so that "credit for time served” required the inclusion of prison or jail time actually served, as well as gain time granted under section 944.275, Florida Statutes (1987). Bailey v. State, 634 So.2d 171, 172 n. 2 (Fla. 1st DCA 1994).