789 So.2d 958 (2001)
Allen HODGDON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1867.
Supreme Court of Florida.
July 5, 2001.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
*959 Robert A. Butterworth, Attorney General, Celia A. Terenzio, Assistant Attorney General, Chief, West Palm Beach Bureau, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, FL, for Respondent.
SHAW, J.
We have for review the decision in Hodgdon v. State, 764 So.2d 872 (Fla. 4th DCA 2000), which certified conflict with the decision in Bailey v. State, 634 So.2d 171 (Fla. 1st DCA 1994). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. This case presents us with the opportunity to clarify our holding in Tripp v. State, 622 So.2d 941 (Fla.1993).

TRIPP V. STATE
In Tripp the defendant pled guilty to charges of burglary and grand theft. Tripp was sentenced to four years' imprisonment on the burglary charge and four years' probation on the grand theft charge consecutive to the burglary sentence. Following his release from prison, Tripp violated probation and it was revoked. The trial court sentenced him to four-and-a-half years' incarceration on the grand theft charge, but gave Tripp credit for the four years he previously served on the burglary charge.
On appeal, the Second District reversed the award of credit for time served, reasoning that Tripp was not entitled to credit for time served on the grand theft charge on which he violated probation, as the original sentence imposed by the trial judge was the product of two separate convictions. So constructed, the total sentence imposed on Tripp exceeded by three years the sentence permitted under the guidelines.[1]
This Court reversed the Second District, holding that when "a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Tripp, 622 So.2d at 942.[2]
At the root of our decision was a desire to effectuate the intent underlying the sentencing guidelines. The Second District's decision would have permitted trial judges to circumvent the sentencing guidelines by structuring sentences so as to allow them to impose sentences in excess of the guidelines upon a violation of probation. Specifically, the sentence imposed by the trial court upon Tripp's probation violation, without giving Tripp credit for the time he *960 served on the burglary charge against the grand theft charge, exceeded the highest permitted range for his total sentence. We explained:
Thus, it appears that the sentencing method sanctioned by the district court of appeal is inconsistent with the intent of the sentencing guidelines. Under this method, trial judges can easily circumvent the guidelines by imposing the maximum incarcerative sentence for the primary offense and probation on the other counts. Then, upon violation of probation, the judge can impose a sentence which again meets the maximum incarcerative period. Without an award of credit for time served for the primary offense, the incarcerative period will exceed the range contemplated by the guidelines.
Id. at 942. In so holding, we rejected the State's argument that Tripp was not entitled to credit for time served against his second conviction because he was convicted of two separate crimes and received two separate sentences: "The State, however, ignores the fact that both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Id.
Our holding in Tripp was interpreted by the First District in Bailey as creating, "a `bright line' rule intended to simplify the application of sentencing guidelines and avoid confusion arising from the varying circumstances that can occur in different cases." 634 So.2d at 172.
Bailey was convicted in 1989 of one count of grand theft, one count of carrying a concealed firearm, and one count of resisting arrest without violence. Bailey received a four-year sentence of imprisonment followed by one year of probation on the grand theft count, a five-year probationary sentence on the concealed firearm count to run consecutive to the sentence on the grand theft count, and a one-year probationary sentence on the resisting arrest without violence charge to run concurrently with the probationary sentence on the grand theft count. In sum, Bailey was sentenced to four years in prison to be followed by six years of probation.
After serving the four-year term of imprisonment and being released, Bailey violated probation. The trial court revoked probation on all three counts and sentenced Bailey as follows: (1) five years in prison on the grand theft charge with four years' credit for time served; (2) two years in prison on the concealed firearm charge, without credit for time served, to run consecutively to count one; and (3) one year in prison on the resisting arrest without violence count, without credit for time served, to run concurrently with the sentences in counts one and two. In total, Bailey faced a total of three years in prison on the violation of probation, which brought his total sentence on the 1989 charges to seven years in prisonwithin the range permitted by the guidelines.
Nevertheless, the First District applied Tripp to allow Bailey to receive credit for the four years served on count one against the sentences imposed on all counts on the violation of probation, although acknowledging that its application produced a "bizarre result":
We note, however, that the application of Tripp in this case leads to a bizarre result. The trial judge intended to require Bailey to serve a total of 7 years' imprisonment on the three offenses, and the sentence imposed is within the sentencing guidelines. However, on resentencing the circuit court can only impose a sentence of 5 years' imprisonment on counts 1 and 2 as they are third degree *961 felonies (only one year can be imposed for the first degree misdemeanor in count 3). Four years' credit against each of these potential sentences, even if each is to be served consecutively, will erase any imprisonment on the misdemeanor count entirely, and leave only 1 year to be served on each of the felony counts. As a result, the total imprisonment that Bailey can be ordered to serve will be only 6 years. While we apply the bright line holding in Tripp in deciding this case, we question whether the supreme court considered and intended this potential result.
Id. at 173. Accordingly, the Bailey court certified a question to this Court concerning its application of Tripp where the sentence imposed did not exceed that permitted by the guidelines.[3] We declined to exercise jurisdiction. See Bailey v. State, 637 So.2d 233 (Fla.1994).

THE PRESENT CASE
In 1989, the petitioner, Allen Hodgdon, was charged with three counts of DUI manslaughter (counts I-III), one count of leaving the scene of an accident involving death (count IV), two counts of DUI with serious bodily injury (counts V and VI), and three counts of vehicular homicide (counts VII-IX).
Hodgdon pled no contest to counts I through VI as charged and pled no contest to three counts of reckless driving as lesser included offenses of vehicular homicide (counts VII-IX). Hodgdon was sentenced to fifteen years in prison on count I and five years in prison on count IV to run concurrently. As to counts II and III, he was sentenced to ten years' probation to run concurrently to each other and consecutively to his fifteen-year prison sentence. Hodgdon was also sentenced to consecutive five-year probationary terms on counts V and VI. The sentences on counts V and VI were to run consecutively to the ten-year probationary sentences imposed on counts II and III. Finally, Hodgdon was sentenced to time served on the reckless driving charges in counts VII-IX. In sum, Hodgdon was sentenced to fifteen years in prison (fifteen and five concurrent) followed by twenty years' probation (ten followed by consecutive five-year terms).
After serving approximately seven years of his prison sentence, Hodgdon was released and placed on probation. In 1999 an affidavit of violation of probation was filed by the State and Hodgdon admitted the violation. At sentencing, Hodgdon argued that he was entitled to credit for the time served in his 1989 sentence for each consecutive sentence entered by the trial court on the instant violation of probation pursuant to Tripp and Bailey. Stated differently, Hodgdon claimed that he was entitled to credit for the fifteen years he "served"[4] on count I against each additional count he violated probation on (counts II, III, V, VI). Under Hodgdon's rendition of Tripp, he would have faced no additional jail time for the violation of probation.
*962 The trial court rejected Hodgdon's arguments and sentenced him to a total of forty years in prison: fifteen years on counts II and III, and five years each on counts V and VI, all sentences to run consecutively. The trial court credited the fifteen years Hodgdon served on count I against the entire forty-year sentence, and not against the individual sentence imposed on each count as argued by Hodgdon. On appeal, the Fourth District affirmed but certified conflict with Bailey. See Hodgdon, 764 So.2d at 873.

ANALYSIS
At the outset, it must be noted that we are not confronted here with a sentence that exceeds that permitted under the sentencing guidelines. That factor alone, however, does not preclude the application of Tripp.
In Cook v. State, 645 So.2d 436 (Fla. 1994), we affirmatively answered the question of "whether Tripp applies to situations in which a defendant is sentenced to incarcerative terms and `resentenced' to probationary periods using a single scoresheet." Id. at 437. The defendant in Cook was originally sentenced in 1989 to concurrent three-year terms of probation on one count of grand theft, one count of forgery, and three counts of passing worthless checks. In 1990 Cook violated probation when he was convicted of four new counts-credit card fraud, grand theft and two counts of forgery. Cook was sentenced to concurrent four-and-a-half-year prison terms for these new offenses. The trial court revoked Cook's probation on the 1989 offenses and sentenced Cook to concurrent three-year probationary periods for each of the 1989 offenses to run consecutively to the four-and-a-half-year prison term. After being released from prison and beginning to serve his probationary sentence on the 1989 offenses, Cook violated probation again. The trial court revoked his probation and sentenced Cook to concurrent three-and-a-half-year prison terms for the 1989 offenses. The trial court did not allow Cook credit for the four and a half years he had served on the 1990 offenses. The three-and-a-half-year sentence did not exceed the range permitted under the guidelines.
We nevertheless applied Tripp, emphasizing the interrelatedness of sentences computed on a single scoresheet:
[In Tripp] we recognized that a single guidelines scoresheet "must be utilized for all offenses pending before [a] court for sentencing," and that where a single scoresheet is used for multiple offenses, those offenses must continue to "be treated in relation to each other, even after a portion of the sentence has been violated." Accordingly, where a defendant is sentenced to prison to be followed by probation for multiple offenses, and ultimately violates that probation, that defendant's cumulative sentence may not exceed the guidelines range of the original scoresheet.
Cook, 645 So.2d at 437-38 (citation omitted).[5] Of particular relevance to the instant case, we explained how the trial *963 court could have achieved its desired result of having Cook serve an additional three and a half years in prison on his probation violation while giving Cook the credit he was entitled to under Tripp:
The sentencing judge clearly intended for Cook to spend an additional three and a half years in prison for the 1989 offenses. We note that the sentencing judge could have structured Cook's sentence such that Cook would have spent three and a half years in prison for the 1989 offenses even after being credited for the four and a half years he served for the 1990 offenses. As we previously recognized, with a two-cell increase, Cook could have been sentenced to a total of 17 years. After crediting Cook with time served for the 1990 offenses, Cook would still have spent three and a half years in prison for the 1989 offenses if he had been sentenced to eight years. The sentencing judge could have sentenced Cook to eight years for the 1989 offenseswell within the permitted range.
Cook, 645 So.2d at 438 n. 5 (citation omitted) (emphasis added). That explanation refutes Hodgdon's contention that Tripp mandates the award of credit for time served against each additional count of probation rather than the entire sentence imposed on the violation of probation.
If Cook had been allowed credit for the four and a half years he served in prison on the 1990 offenses against each of the three 1989 offenses he violated probation on, it is clear that the imposition of an eight-year sentence for the violation on all three 1989 offenses would have been insufficient to achieve the trial court's desired result of having Cook spend an additional three and a half years in prison.
When stripped down to its facts, it is apparent that Tripp does not mandate the award of credit for time served against each additional consecutive count of probation as the First District found in Bailey and Hodgdon contends here. Unlike Hodgdon and the defendant in Bailey, the defendant in Tripp violated probation on only one count. Accordingly, the net effect of our decision was to allow Tripp credit for the prison time he served as against the total sentence imposed on the violation of probation. Indeed, that is what the trial court did in the instant case in allowing Hodgdon credit for his fifteen-year incarcerative term against the total forty-year sentence imposed on the probation violation.
Moreover, allowing a defendant to receive credit against the entire sentence imposed on a probation violation permits a defendant's sentences to be treated as an interrelated unit as they were when they were originally imposed: "[B]oth offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Tripp, 622 So.2d at 942.

CONCLUSION
In sum, we clarify our holding in Tripp to emphasize that a defendant who violates probation on multiple counts imposed consecutive to a prison term is entitled to credit for the time served on the prison term as to the entire sentence imposed on the probation violation, not against each individual count on which probation was violated. This Court's holding in Tripp was intended to prevent the circumvention of the guidelines by treating sentences computed on one scoresheet as an interrelated unit. Tripp was never intended to provide a sentencing boon or windfall to defendants upon violations of probation.
*964 Accordingly, we approve Hodgdon and disapprove Bailey.
It is so ordered.
WELLS, C.J., and HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The general parameters of the sentencing guidelines are spelled out in Florida Rule of Criminal Procedure 3.701. As to how the guidelines function, in Tripp we observed:

The purpose of the sentencing guidelines is "to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process" so as to eliminate unwarranted variation in sentencing. Fla.R.Crim.P. 3.301(b). One guidelines scoresheet must be utilized for all offenses pending before the court for sentencing. Fla.R.Crim.P. 3.701(d)(1). A sentence must be imposed for each separate offense, but the total sentence cannot exceed the permitted range of the applicable guidelines scoresheet unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12). Sentences imposed after revocation of probation must be within the recommended guidelines range and a one-cell bump. Fla.R.Crim.P. 3.701(d)(14).
622 So.2d at 942.
[2] In Tripp the Second District certified the following question:

If a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, can jail credit for the first offense be denied on a sentence imposed after a revocation of probation on the second offense?
622 So.2d at 941.
[3] The First District certified the following question:

Does the holding in Tripp require that credit be given for time served in prison on each consecutive sentence imposed upon revocation of probation when the failure to give such credit on each sentence does not result in a sentence beyond that allowed by the sentencing guidelines?
Bailey, 634 So.2d at 173.
[4] Prior to the enactment of chapter 89-531, Laws of Florida, "credit for time served" included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). See Tripp, 622 So.2d at 943 n. 2.
[5] The Fifth and Third Districts have expressed concern over the application of Tripp where the sentence under attack does not exceed that permitted under the sentencing guidelines. See Witherspoon v. State, 776 So.2d 984 (Fla. 5th DCA 2001) (applying Tripp, albeit reluctantly, where the defendant's sentence did not exceed the maximum permitted by the guidelines); Priester v. State, 711 So.2d 177 (Fla. 3d DCA 1998) (same). Although we were concerned in Tripp with the circumvention of the sentencing guidelines, we were equally concerned with ensuring that offenses treated together at sentencing via a single scoresheet continue to be treated as a single unit for purposes of sentencing upon a violation of probation.