816 So.2d 1123 (2002)
Brandon L. DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2367.
District Court of Appeal of Florida, First District.
January 23, 2002.
Rehearing Denied March 25, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
The appellant is serving a sentence for a probation violation. The appellant claims that he is entitled to credit for time served awaiting trial on an unrelated charge because a warrant had been prepared for his violation of probation in the present case. A defendant is deemed to be in custody on separate warrants from different counties, and therefore entitled to jail credit on both convictions unless the defendant receives consecutive sentences, from the time the warrant is transmitted or issued to the county incarcerating the defendant on the unrelated charges. See Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998). Along with the standard allegations that must be made to present a facially sufficient claim for jail credit under rule 3.800(a), a defendant seeking credit in an unrelated case must point to record evidence that the warrant was received by the other county. See Penny v. State, 778 So.2d 305, 306 (Fla. 1st DCA 2000); Pearson v. State, 538 So.2d 1349, 1349 (Fla. 1st DCA 1989). Although the appellant attached a signed warrant, he pointed to no record evidence that the warrant was actually *1124 transmitted to and received by the other county, and the trial court determined that none existed in the record. In the absence of this information, the record does not show a clear entitlement to relief. See Fla. R.Crim. P. 3.800(a); State v. Mancino, 714 So.2d 429, 433 (Fla.1998).
Accordingly, the trial court is affirmed.
BARFIELD, WOLF, and DAVIS, JJ., concur.