810 So.2d 871 (2002)
STATE of Florida, Petitioner,
v.
Maynard WITHERSPOON, Respondent.
No. SC01-83.
Supreme Court of Florida.
January 31, 2002.
*872 Robert A. Butterworth, Attorney General, and David H. Foxman and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
[W]hether, if the reason which prompted the Tripp rule is not present, Tripp must apply.[1]
Witherspoon v. State, 776 So.2d 984, 985 (Fla. 5th DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We restate the certified question as follows:
When a defendant is originally sentenced consecutively on a single scoresheet, does the holding in Tripp v. State, 622 So.2d 941 (Fla.1993), require the granting of credit for time served in prison where the defendant's newly imposed sentence upon revocation of probation does not exceed the maximum permitted by the sentencing guidelines?
Witherspoon was charged with two counts: (I) armed burglary; and (II) attempted armed robbery. He pled guilty to both charges and was sentenced on May 2, 1991, to twenty years' imprisonment on count I and five years' probation on count II to run consecutively to count I. Witherspoon's permitted sentencing range was twelve to twenty-seven years as calculated on his amended scoresheet, and with the one-cell bump up, his sentencing maximum was forty years.[2]
On July 6, 1999, Witherspoon was released from prison and began serving his probationary sentence on count II (attempted armed robbery). On January 6, 2000, an affidavit of violation was filed against him, and his probation was revoked. Witherspoon was then sentenced to the statutory maximum for count II[3] fifteen years' incarcerationwithout any credit for jail time served on the original burglary charge.
*873 The Fifth District Court of Appeal reversed and remanded for the trial court to award credit for time previously served on count I and certified the aforementioned question regarding whether this Court's opinion in Tripp v. State, 622 So.2d 941 (Fla.1993), applied to a case where the award of credit was unnecessary to ensure that the defendant's total prison time did not exceed the guidelines range. Witherspoon v. State, 776 So.2d 984, 985 (Fla. 5th DCA 2001). We have answered the certified question in the affirmative in Hodgdon v. State, 789 So.2d 958 (Fla.2001).
In Hodgdon, this Court specifically stated that an application of Tripp was not precluded where the newly imposed sentences were within the guidelines. Id. at 962. We reasoned that "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Hodgdon v. State, 789 So.2d at 963 (quoting Tripp v. State, 622 So.2d 941, 942 (Fla.1993)). Consistent with Hodgdon, we hold that Tripp should be applied notwithstanding the fact that the newly imposed sentence is within the guidelines.
We therefore approve the decision of the district court of appeal and answer the certified question in the affirmative.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, C.J., dissents with an opinion, in which QUINCE, J., concurs.
WELLS, C.J., dissenting.
I dissent because I do not believe that the rule of Tripp should apply in this instance. I would quash the Fifth District's decision and apply the well-reasoned opinion of Judge Cope in Priester v. State, 711 So.2d 177 (Fla. 3d DCA 1998), with which the Fifth District also agreed in this case.
QUINCE, J., concurs.
NOTES
[1] The referenced rule from Tripp v. State, 622 So.2d 941, 942 (Fla.1993), provides:

[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
[2] "Witherspoon's original guideline maximum was reflected to be 22 years. At resentencing in this case, an error was found in the original scoresheet and was, without objection, corrected to reflect a maximum of 27 years so that, with the one cell bump-up, 40 years less Witherspoon's original sentence remained available to the trial court." Witherspoon v. State, 776 So.2d 984, 985 (Fla. 5th DCA 2001); see Fla. R.Crim. P. 3.701(d)(14).
[3] Attempted armed robbery is a second-degree felony which carries a statutory maximum of fifteen years. See §§ 812.13, 921.0012(3), 777.04, 775.082(3)(c), Fla. Stat. (2000).