814 So.2d 1124 (2002)
John Felice VEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-0418.
District Court of Appeal of Florida, First District.
April 4, 2002.
*1125 Nancy A. Daniels, Public Defender and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the trial court's order denying his motion to correct sentencing error. As grounds, Appellant argues he is entitled to credit for time served in case number 90-1963 (case 1) against the sentence imposed upon his violation of probation in case number 90-2027 (case 2), because the cases were originally scored together. The State argues Appellant is not entitled to the credit he seeks because, although the sentences were originally imposed together, the sentence in case 2 was subsequently vacated and a new sentence was imposed, separate and independent from the sentence imposed in case 1. We agree with Appellant and reverse.
Appellant's offenses in both cases were originally scored together on one sentencing guidelines scoresheet, and factors from both offenses were weighed into the original twenty-year guidelines sentence. Subsequently, the twenty-year sentence in case 2 was reversed and remanded,[1] and Appellant was sentenced to a probationary term consecutive to the fifteen-year prison sentence being served in case 1. Upon remand of case 2, the fifteen-year sentence in case 1, which was calculated using factors from case 2, was not changed. When Appellant subsequently violated probation in case 2, he was sentenced to twenty-two years in prison. No credit for time served in case 1 was applied to Appellant's prison sentence in case 2. This constitutes error.
When two offenses are weighed in an original sentence through the use of a single scoresheet, they continue to be treated together, "even after a portion of the sentence has been violated." See Hodgdon v. State, 789 So.2d 958, 962-963 (Fla.2001); Cook v. State, 645 So.2d 436, 437-438 (Fla.1994); Tripp v. State, 622 So.2d 941, 942 (Fla.1993). Thus, if a trial court imposes a probationary sentence on one offense consecutive to a prison sentence on another offense, credit for time served on the first offense must be awarded against the total sentence imposed after revocation of probation on the second offense. See Tripp, 622 So.2d at 942; Hodgdon, 789 So.2d at 963. "[A]llowing a defendant to receive credit against the entire sentence imposed on a probation violation permits a defendant's sentences to be treated as an interrelated unit as they were when they were originally imposed." Hodgdon, 789 So.2d at 963. The cumulative sentence may not exceed the guidelines range of the original scoresheet, with a one-cell bump. See Hodgdon, 789 So.2d at 962; Cook, 645 So.2d at 437-438; Tripp, 622 So.2d at 942.
Because Appellant's offenses in both cases were originally scored together, Appellant is entitled to credit for time served *1126 in case 1 against the total sentence imposed in case 2 upon the revocation of probation. Accordingly, we reverse and remand for resentencing. Upon remand, Appellant's cumulative sentence cannot exceed the guidelines range of the original scoresheet, with a one-cell bump.
REVERSED and REMANDED.
ERVIN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Veach v. State, 614 So.2d 680 (Fla. 1st DCA 1993).