PER CURIAM.
The appellant filed a rule 3.800 motion claiming that he did not receive his proper prison and jail credit time. The trial court correctly determined that the appellant was not entitled to any additional jail credit and as to that part of the order on appeal, we affirm.
The issue of prison credit time was not addressed in the trial court’s order. The record does not reflect the actual amount of time served. Pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), the appellant is entitled to prior prison credit for time served on the first offense when he violated probation for the second offense, since he was sentenced for both at the same time. See also Hodgdon v. State, 789 So.2d 958 (Fla.2001). Under the holding of State v. Mancino, 714 So.2d 429 (Fla.1998), a defendant is entitled to the credit as a matter of law and such a claim is cognizable under rule 3.800.
We therefore reverse and remand the matter to the trial court to consider that portion of the appellant’s claim and to grant relief if the sentence is illegal, or to deny the relief, sought and attach to its order portions of the record that conclusively refute the claim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WOLF, VAN NORTWICK and POLSTON, JJ., concur.