GROSS, J.
Appellant entered no contest pleas in two cases in 1993. In the first case, he pled to burglary of a dwelling and grand theft; in the second, to armed burglary *442 and grand theft. On each burglary count, he was sentenced to ten years in prison, with the sentences to run concurrently. On each grand theft count, he received concurrent sentences of five years probation, consecutive to the prison sentences.
On February 22, 1999, appellant was released from prison and began his time on probation. On February 26, 2001, his probation officer filed an affidavit of violation of probation. After a hearing, the trial court found him guilty of violating his probation and sentenced him to five years on each count, to run concurrently, with 114 days of jail credit.
We affirm the finding of violation of probation.
As to his sentence, appellant argues that he is entitled to receive credit for time served in prison against the violation of probation sentence, pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). In its two-sentence response to appellant’s argument, the state notes its disagreement with Hodgdon v. State, 789 So.2d 958 (Fla.2001), but observes that if this court “finds Hodgdon applicable, [it] should remand for the trial court to award the proper credit to Appellant.”
An advanced degree in mathematics would be helpful in analyzing the cases following Tripp. In this case, the sentence was within the maximum permitted by the sentencing guidelines. However, State v. Witherspoon, 810 So.2d 871 (Fla.2002) teaches that when “a defendant is originally sentenced consecutively on a single scoresheet,” the holding of Tripp requires “the granting of credit for time served in prison where the defendant’s newly imposed sentence upon revocation of probation does not exceed the maximum permitted by the sentencing guidelines.” Id. at 872. In Hodgdon, the supreme court clarified Tripp to “emphasize that a defendant who violates probation on multiple counts imposed consecutive to a prison term is entitled to credit for the time served on the prison term as to the entire sentence imposed on the probation violation, not against each individual count on which probation was violated.” 789 So.2d at 963.
It appears that application of Hodgdon and Witherspoon to this case will result in the “windfall” to appellant which the supreme court said that “Tripp was never intended to provide.” Hodgdon, 789 So.2d at 963. Nonetheless, in Cook v. State, 645 So.2d 436, 438 n. 5 (Fla.1994), the supreme court placed the burden on the judge at the original sentencing to structure a sentence that would survive Tripp; there the supreme court “explained how the trial court could have achieved its desired result of having Cook serve an additional three and a half years in prison on his probation violation while giving Cook the credit he was entitled to under Tripp.” Hodgdon, 789 So.2d at 962-63 (discussing Cook).
Accordingly, we reverse the sentence and remand to the trial court for resen-tencing in accordance with Tripp, Cook, Hodgdon, and Witherspoon.
KLEIN and SHAHOOD, JJ., concur.