PER CURIAM.
The appellant challenges the trial court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant is entitled to additional prison credit, we reverse.
On March 21, 1989, the appellant was convicted of three counts of burglary and three counts of grand theft and was sentenced to concurrent terms of five years’ imprisonment for burglary and concurrent terms of five years’ probation for grand theft. On July 17, 2000, the appellant was convicted of violating his probation, the trial court revoked his probation, and the trial court resentenced the appellant to three years’ probation. On February 14, 2002, the appellant was convicted of violating his probation a second time and was sentenced to five years’ imprisonment. The trial court did not grant the appellant any prison credit because the appellant had not served any time in prison on the grand theft charges.
The appellant’s original written judgment and sentence and his scoresheet show that the appellant’s offenses were scored together. When a trial court sentences a probationary term on some of the appellant’s convictions consecutively to an incarcerative term on the appellant’s other offenses, the appellant is entitled to credit for the time he served in prison on the incarcerative portion of his sentence against the total sentence imposed after revocation of probation on the probationary portion of his sentence. Hodgdon v. State, 789 So.2d 958, 962-963 (Fla.2001); Veach v. State, 814 So.2d 1124, 1125 (Fla. 1st DCA 2002).
We therefore reverse the trial court’s summary denial of the appellant’s motion to correct his illegal sentence and remand for the trial court to grant the appellant the proper amount of prison credit.
REVERSED and REMANDED.
WOLF, BROWNING, and HAWKES, JJ., concur.