872 So.2d 1011 (2004)
Michael SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-421.
District Court of Appeal of Florida, Fifth District.
May 14, 2004.
*1012 Michael Scott, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Michael Scott appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Scott alleges that he was sentenced at the same time for several cases in Volusia County. He received terms of incarceration in three of these cases, to be followed by a term of probation in Case No. 95-31957. Scott completed his terms of incarceration and was released to begin serving his term of probation. In May 2003, Scott's probation was revoked and he was sentenced to 31.2 months' incarceration, with jail credit in the amount of 394 days.
Scott claims that he did not receive prison credit for the time served on the other cases. Scott cites Tripp v. State, 622 So.2d 941 (Fla.1993), where the Florida Supreme Court held that when a trial court sentences a defendant under a single scoresheet to incarceration for one offense followed by probation for a second offense, prison credit for time served on the first offense must be awarded against the sentence imposed on the second offense after revocation of probation. See also State v. Witherspoon, 810 So.2d 871 (Fla.2002).
The trial court, in denying relief, stated only that Scott had received jail credit in the amount of 394 days and would not be entitled to additional jail credit. However, this leaves open the question of whether Scott is entitled to prison credit. When a defendant is entitled to prison credit, the trial court does not have to calculate the number of days, but must direct DOC to calculate and apply the prison credit. See Newman v. State, 866 So.2d 751 (Fla. 5th DCA 2004). The written sentence, attached to the order denying relief, makes no provision for prison credit. Moreover, the trial court did not check the box which authorizes DOC to compute and apply credit for time served in state prison.
This claim for additional prison credit may properly be raised in a 3.800(a) motion. Id.; see also Burnett v. State, 745 *1013 So.2d 1043 (Fla. 2d DCA 1999). We therefore reverse the order denying relief and remand the case to the trial court for reconsideration. If Scott is entitled to prison credit, the trial court should make that notation in the written sentence. Otherwise, the trial court must attach portions of the record refuting Scott's allegation that he was sentenced under a single scoresheet to incarceration followed by probation in several cases, or otherwise demonstrate that Tripp is inapplicable. See Weigle v. State, 789 So.2d 1217 (Fla. 5th DCA 2001).
REVERSED and REMANDED.
SAWAYA, C.J., PALMER and TORPY, JJ., concur.