SHARP, W., J.
Hickmon appeals from the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800, seeking to correct an “illegal sentence,” in his 1997 criminal case, No. 97-598. The trial court denied the motion because it was successive and lacked merit. We affirm.
After a jury trial, Hickmon was convicted in 1997 of sale or delivery of cocaine and possession of cocaine.[1] He was sentenced in 1998. Hickmon appealed and this court PCA’d. See Hickmon v. State, 729 So.2d 942 (Fla. 5th DCA 1999). He then filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, raising eleven claims about his drug convictions. The trial court denied relief and this court affirmed. Hickmon v. State, 755 So.2d 787 (Fla. 5th DCA 2000).
Next, Hickmon filed a motion pursuant to Florida Rule of Criminal Procedure 3.800, seeking relief under Heggs.[2] He was eventually resentenced in 2000 to 22 months on his 1998 judgment. Obviously, the term of his sentence has expired. He is apparently still incarcerated because of a 2001 cocaine conviction.
It is not clear to this court why Hickmon filed this motion in regard to his sentence in Case No. 97-598. What is clear, however, is that Hickmon has exhausted this court’s patience with his numerous, successive motions filed in connection with this criminal case. Accordingly, we order Hickmon to show cause why he should not be barred from filing any further pro se pleadings or motions in connection with his 1997 criminal case, within 30 days. See State v. Spencer, 751 So.2d 47 (Fla.1999).
AFFIRMED.
PLEUS and MONACO, JJ., concur.

. §§ 893.13(l)(a)l. and 893.13(6)(A), Fla. Stat.

. Heggs v. State, 759 So.2d 620 (Fla.2000).