900 So.2d 650 (2005)
John W. BINKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-231.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
Rehearing Denied May 12, 2005.
John W. Binkley, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
John Binkley appeals the summary denial of his motion to clarify sentence filed pursuant to Rule 3.800, Florida Rule of Criminal Procedure. He contends that the court did not award the correct amount of credit for time served and for unforfeited *651 gain time. We reverse and remand for reconsideration by the trial court.
Binkley entered a plea of no contest to burglary of a dwelling with an assault or battery, Count I, and to sexual battery, Count II. He was sentenced to 20 years on the first count followed by five years of probation on the second count. Binkley was released from prison, but was subsequently arrested for violating the terms of his probation. He was resentenced to 40 years in prison on Count I, and concurrently to 14 years on Count II.
Binkley states that when he was resentenced for violating his probation, his original sentence was vacated and a new sentence was filed, but the trial court did not check the box on the form which would have given him credit for the original time served. In Tripp v. State, 622 So.2d 941 (Fla.1993), the Florida Supreme Court held that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded after revocation on the second offense. However, in Hodgdon v. State, 789 So.2d 958 (Fla.2001), the court clarified that it was not its intent to provide a sentencing boon or windfall to defendants upon violations of probation. See also Moore v. State, 882 So.2d 977 (Fla.2004).
We find the case of Scott v. State, 872 So.2d 1011 (Fla. 5th DCA 2004) dispositive. In Scott, we held that a motion filed pursuant to Rule 3.800 is the proper vehicle to claim additional prison credit. Id. at 1012. In Scott, the defendant sought additional prison credit on a second count after a violation of probation, but the record was unclear whether he received the credit. Id. We noted that the trial court did not rule on the defendant's specific request and did not check the box on the judgment and sentence directing the Department of Corrections ("DOC") to calculate and apply the proper credit to the defendant's sentence. Id. We reversed and remanded for reconsideration, directing the trial court to make a notation stating that the defendant was entitled to prison credit, or to attach portions of the record that demonstrated that the defendant was not entitled to prison credit pursuant to Tripp. Id. at 1013.
In this case, the record is unclear as to whether Binkley is entitled to prison credit. The trial court did not check the box that provided for Binkley to receive credit for his prison time. Furthermore, there is a statement in the record by a DOC specialist stating: "No Tripp credit allowed." However, it is not clear from the record whether Binkley exhausted all of his administrative remedies to clarify whether the DOC properly calculated his prison time.
Because the record is unclear, we reverse and remand for the trial court to reconsider the sentence. The trial court may award Binkley prison credit by checking the box directing the DOC to calculate how much prison time is appropriate for Binkley's sentence, or deny Binkley credit by attaching portions of the record which refute Binkley's request. Binkley can then administratively appeal the calculation if it is inaccurate.
REVERSED and REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.