953 So.2d 717 (2007)
Timothy HARDENBROOK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0310.
District Court of Appeal of Florida, First District.
April 9, 2007.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On this direct appeal from resentencing, Timothy Hardenbrook contends that the trial court erred in denying his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800. He argues that he was not given enough credit for time he had spent in jail and, before he began the probationary portion of his probationary split sentence, in prison. We affirm.
On a plea of no contest to grand theft, he was sentenced in Bay County on April 7, 2000, to thirty months' imprisonment, to be followed by two years' probation. After he had served the prison term, he was released on probation, then arrested in Baker County on a new charge. While incarcerated in Baker County, on April 5, 2003, he was served with an arrest warrant issued on the basis of an affidavit alleging the offense in Baker County violated the conditions of his probation on the Bay County charge.
Convicted in Baker County, he served the sentence for that offense, which expired on November 15, 2005, before he was transported to Bay County. There probation was revoked and he was resentenced for grand theft. He claims that he is entitled to jail credit on the Bay County charge for the time that he was incarcerated in Baker County after he was served with the Bay County arrest warrant, a claim the trial judge rejected below.
Credit for the same jail time must be given on more than one sentence only when the sentences are concurrent. See Gethers v. State, 838 So.2d 504, 506 *718 (Fla.2003) ("[W]hen, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.") (quoting Daniels v. State, 491 So.2d 543, 545 (Fla.1986)); Daniels, 491 So.2d at 545 ("We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant `is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.'") (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)); Dawson v. State, 816 So.2d 1123, 1123 (Fla. 1st DCA 2002) ("A defendant is deemed to be in custody on separate warrants from different counties, and therefore entitled to jail credit on both convictions unless the defendant receives consecutive sentences. . . .") (emphasis supplied).
Mr. Hardenbrook concedes that his sentences are not concurrent but argues that they are not consecutive, either. He argues that there is a third category of sentences, into which his sentence falls, a category he denominates "free-standing." He argues that, because he completed the "free-standing" sentence imposed in Baker County before he was resentenced in Bay County, he is entitled to jail credit against both sentences for the time he spent in the Baker County jail. We reject the argument that the Bay County and Baker County sentences are not consecutive, and the notion that a sentence can be neither consecutive nor concurrent but "free-standing." See § 921.16(1), Fla. Stat. (2005) ("Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently."). While it may not be immediately clear that a sentence is consecutive, see Barnishin v. State, 927 So.2d 68, 71 (Fla. 1st DCA 2006) ("Until-for the first time upon revocation of his probationthe trial court imposed consecutive sentences, the precise contours of the credit for the time he spent in jail between arrest and resentencing were not clear."), there can be no doubt here.
The present case does not involve guidelines sentences imposed simultaneously on the basis of a single scoresheet. Cf. Cook v. State, 645 So.2d 436, 438 (Fla.1994) ("We . . . conclude that Cook should have been credited with the four and a half years he served for the 1990 offenses when he was sentenced in 1991 for violating his probation on the 1989 offenses for a second time"); Ingram v. State, 818 So.2d 636, 636 (Fla. 1st DCA 2002) ("Pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), the appellant is entitled to prior prison credit for time served on the first offense when he violated probation for the second offense, since he was sentenced for both at the same time. See also Hodgdon v. State, 789 So.2d 958 (Fla.2001)."); Moiter v. State, 644 So.2d 154, 155 (Fla. 2d DCA 1994) (remanding, on the same grounds as Ingram, for "the trial court to correct the written sentences to reflect the credit for time served in prison and in jail"); Silvestrini v. State, 633 So.2d 1143, 1144-45 (Fla. 2d DCA 1994). Mr. Hardenbrook is not entitled to additional credit against the Bay County (grand theft) sentence for the time he was incarcerated on the Baker County offense, because these sentences were consecutive.
In addition, Mr. Hardenbrook argues here as below that the trial court neglected to give him credit for time he spent in prison for grand theft before he was released on probation. The trial court acknowledged this omission in the original resentencing and filed an amended judgment and sentence in which it required the *719 Department of Corrections to give Mr. Hardenbrook credit for prior prison time.[1]See § 921.0017, Fla. Stat. (2005) (providing that when probation is revoked, the sentencing court shall order credit for time served in state prison or county jail, upon recommitment to the Department of Corrections, and "shall direct the Department of Corrections to compute and apply credit" for prior prison credit). The second resentencing thus corrected the error, and mooted the claim of failure to give credit for time spent in prison before probation.
Once the sentencing judge has awarded a defendant prior prison credit, the Department of Corrections has primary responsibility for calculating the credit. See § 921.0017, Fla. Stat. (2005). See also Gerald v. State, 879 So.2d 657, 657 (Fla. 3d DCA 2004) ("Under the applicable statute, the sentencing order should reflect that the defendant is being awarded prison credit, and the calculation of the time previously served in the Department of Corrections is left to the Department to compute."). If the Department of Corrections fails to give the full credit ordered by the trial court, the prisoner must first seek relief from the Department.[2]See Binkley v. State, 900 So.2d 650, 651 (Fla. 5th DCA 2005) ("The trial court may award [the defendant] prison credit by checking the box directing the DOC to calculate how much prison time is appropriate for [his] sentence. . . . [The defendant] can then administratively appeal the calculation if it is inaccurate."); Canty v. State, 884 So.2d 123, 124 (Fla. 2d DCA 2004) ("If . . . the trial court did in fact award [the defendant] credit for time previously served in prison, the trial court has completed its responsibility, and any challenge [the defendant] may have regarding the application of prison credit to his sentence should first be raised through the appropriate administrative remedies with the DOC.").
Affirmed.
BROWNING, C.J., and LEWIS, J., concur.
NOTES
[1] In the amended judgment and sentence, the court checked a box next to the following: "It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing."
[2] In the amended judgment and sentence, the trial court awarded Mr. Hardenbrook credit for the time he spent in prison on the grand theft charge, to be calculated by the Department of Corrections.

The State's brief recites, however, that "it appears the trial court recognized that there was a calculation error but did not address the matter in its order denying Appellant's motion to correct sentencing error." The State's brief asserts further that it is impossible to discern from the record whether the Department of Corrections calculated the appropriate amount of prison credit, but also states: "Since the trial court did not apply the proper credit for prison time served, this case should be remanded with directions that the trial court calculate the appropriate credit for time served."
But, if the Department of Corrections has failed to calculate the appropriate credit, Mr. Hardenbrook must first raise the issue administratively, before pursuing judicial review, if necessary. See Bush v. State, 945 So.2d 1207, 1210 (Fla.2006) ("When challenging a sentence-reducing credit determination by the Department, such as a gain time or provisional release credit determination, once a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition. In such a case, if the prisoner alleges entitlement to immediate release, a petition for writ of habeas corpus is the proper remedy; whereas if the prisoner does not allege entitlement to immediate release, a petition for writ of mandamus is the proper remedy.") (footnotes omitted).