PER CURIAM.
Leon Knowles appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Knowles is entitled to prison credit on his violation of probation sentence, we reverse and remand.
In 1990, Knowles was charged with five counts of sexual battery. He entered a guilty plea in September 1991. Pursuant to the sentencing guidelines, he received a fifteen-year prison sentence for counts I and V, followed by two consecutive ten-year probation sentences for counts II and III. The state nolle prossed count IV. Knowles was released from custody in 1997 upon completion of his incarceration period. On July 2, 2006, he was arrested *1122 and charged with violating his probation. On January 18, 2007, he entered a guilty plea and received a five-year prison sentence. He “waive[d] all jail credit in exchange for his plea.” (Emphasis added).
Knowles claims he is entitled to credit on his violation of probation sentence for the time he previously served in prison for counts I and V. See Tripp v. State, 622 So.2d 941 (Fla.1993) (holding that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense).
We reverse the order denying relief and remand the case to the trial court to make a notation in the written sentence that Knowles is entitled to prison credit. See Scott v. State, 872 So.2d 1011, 1012-13 (Fla. 5th DCA 2004).

Reversed and Remanded.

STEVENSON, GROSS and TAYLOR, JJ., concur.