BENTON, J.
On direct appeal of his sentence, James David Cregg contests the denial of the motion to correct sentencing error he filed under Florida Rule of Criminal Procedure 3.800(b)(2), asserting that he is entitled to additional credit (a total of 217 days instead of the 143 days he was awarded) for time he was incarcerated before trial. We affirm.
Mr. Cregg was “arrested” for dealing in stolen property and grand theft on April 1, 2008, even though he was then in the custody of the Department of Corrections (DOC) serving a prison sentence for conviction(s) on unrelated charge(s): Local law enforcement authorities filed an arrest warrant arising out of the new charges— not a mere hold or detainer, see generally Gethers v. State, 838 So.2d 504, 505 (Fla.2003) — with DOC on that date.
On November 3, 2008, after his transfer to county jail, Mr. Cregg entered a plea of guilty to the new charges and was sentenced, in accordance with a written plea agreement that did not specify the amount of credit for jail time that he would receive, to 32 months’ imprisonment followed by five years on probation. The trial court awarded him 143 days’ credit for time he had spent in the Suwannee County Jail before sentencing. Almost all 143 days postdated expiration of the prison sentence.
Citing Gethers and Johnson v. State, 932 So.2d 300, 301 (Fla. 2d DCA 2006) (stating that “a defendant may be entitled to jail credit while he is serving a prison sentence on another charge”), Mr. Cregg asserts entitlement to credit for 217 days — the entire period between the date DOC re *820 ceived the arrest warrant and the date he was sentenced on the new charges. See generally Crompton v. State, 728 So.2d 1188, 1189 (Fla. 1st DCA 1999) (“The failure to award jail credit for time served before sentencing constitutes an illegal sentence.”).
We note initially that the statute on credit for pretrial detention speaks of jail time, not prison time: Section 921.161(1), Florida Statutes (2008), requires the sentencing court to “allow a defendant credit for all of the time she or he spent in the county jail before sentence.” On the other hand, our supreme court has held that it is within the sentencing court’s “inherent discretionary authority to award credit for time served in other jurisdictions,” as well as in a Florida county jail. Kronz v. State, 462 So.2d 450, 451 (Fla.1985) (“[T]he trial judge should consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced.”). The same rationale would support a discretionary award of credit for time spent in a Florida prison solely because of the distinct offense for which the prisoner was being sentenced.
But here, even after it received the arrest warrant, DOC did not hold Mr. Cregg solely on the new charges, and the trial court did not order that his new sentence be served concurrently with the prison sentence. The prison sentence had, indeed, already expired before the new sentence was imposed. We have said:
If convicted of multiple offenses, the defendant must be given credit only on the first of consecutive sentences. When consecutive sentences are imposed, “the defendant ‘is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.’ ” Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (emphasis omitted) (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)). See also Bell v. State, 573 So.2d 10, 11 (Fla. 5th DCA 1990). On the other hand, when a defendant is entitled to presentence jail-time credit against concurrent sentences, jail time must be credited against each concurrent sentence. See Daniels, 491 So.2d at 545.
Barnishin v. State, 927 So.2d 68, 71 (Fla. 1st DCA 2006). Mr. Gregg’s sentences were consecutive. Since his first sentence had been served by the time the second sentence was pronounced, the trial court’s silence cannot be interpreted to require that the sentences be served concurrently. See generally Ransone v. State, 20 So.3d 445, 448 (Fla. 4th DCA 2009), rev. granted, 26 So.3d 582 (Fla.2010).
Mr. Cregg has failed to demonstrate that he did not get credit for each day he served attributable to the new charges. His situation can be compared to that of the defendant in Hardenbrook v. State, 953 So.2d 717 (Fla. 1st DCA 2007), a probationer from Bay County arrested in Baker County on new charges for which he was sentenced to jail in Baker County. While incarcerated in Baker County, the defendant was “arrested” in the Bay County case for violating probation. When his Baker County sentence expired, he was transported to Bay County, where his probation was revoked and he was (re)sentenced in the Bay County case. Analogously to appellant’s claim, Hardenbrook claimed that he was entitled to credit against the Bay County sentence for the time that he was incarcerated in Baker County after he was served with the Bay County arrest warrant. We rejected this claim, holding that he was not entitled to credit against the Bay County sentence for the time served on the Baker County of *821 fense. See Hardenbrook, 953 So.2d at 719. But see Tharpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999).
In the present case, too, sentence was imposed after another sentence had expired. When a consecutive sentence is pronounced, the defendant is not entitled to credit for time served on an antecedent sentence. See Daniels v. State, 491 So.2d 543, 545 (Fla.1986); Dawson v. State, 816 So.2d 1123, 1123 (Fla. 1st DCA 2002) (“A defendant is deemed to be in custody on separate warrants from different counties, and therefore entitled to jail credit on both convictions unless the defendant receives consecutive sentences [.] ” (emphasis supplied)). Because Mr. Gregg’s sentences were consecutive, in the sense that the later sentence did not begin before the earlier sentence had ended, he is entitled to credit on the second sentence only for those days he was incarcerated after his original sentence expired. The record reflects that he received at least that much credit.
Affirmed.
THOMAS and ROWE, JJ., concur.