IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSHUA BLANKENSHIP,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0812

Opinion filed July 25, 2014.

An appeal from the Circuit Court for Duval County.
James H. Daniel, Judge.

Joshua Blankenship, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Joshua Blankenship appeals an order denying his motion for an additional 337 days jail credit related to a conviction and 12-month jail sentence with credit for 51 days. According to his argument, when the arrest warrant in this case was issued, he was in the custody of the Department of Corrections (DOC) serving a sentence in an unrelated case. The warrant was not immediately executed. Rather,

he was arrested by the Jacksonville Sheriff's Office months later in the DOC parking lot upon his release from DOC's custody on August 23, 2013. Mr. Blankenship asserts that he subsequently entered a plea in this case on October 16, 2013, and received the above-described county jail sentence.

In denying Mr. Blankenship's motion for an additional 337 days jail credit, the trial court found that Mr. Blankenship "was awarded the proper amount of jail time credit for time served, 51 days." We affirm the trial court's conclusion that Mr. Blankenship is not due credit for time served while in DOC's custody. See Gethers v. State, 838 So. 2d 504 (Fla. 2003); Cregg v. State, 43 So. 3d 818 (Fla. 1st DCA 2010). But it appears that Mr. Blankenship is entitled to one additional day's credit—52 days instead of 51—for the time spent in jail between August 26, 2013, and October 16, 2013. The State of Florida apparently agrees. Citing Florida Rule of Judicial Administration 2.514(a), it stated in a response to this court that: "it appears, based on the facts asserted by Appellant, that he would be entitled to 52 days of time served rather than the 51 days awarded by the trial court."

We recognize that there may be facts not present in the record on appeal which may have informed the trial court's decision to grant only 51 days credit to Mr. Blankenship. We thus reverse and remand this case for the trial court to attach the portion of the record which refutes Appellant's entitlement to 52 days credit; to resentence Mr. Blankenship with credit for 52 days of time served; or for other

2

appropriate proceedings consistent with this opinion. See Waye v. State, 114 So. 3d 350, 351 (Fla. 3d DCA 2013) (remanding because Florida Rule of Appellate Procedure 9.141(b)(2)(D) requires the appellate record to "show[] conclusively that the appellant is entitled to no relief").

REVERSED IN PART AND REMANDED.

BENTON, CLARK, and OSTERHAUS, JJ., CONCUR.